STATE OF IOWA, Appellee, v. ARTHUR DOLSON, Appellant.

**NEW TRIAL:** Insufficient Evidence—Conflict—When Properly
1  Raised. Insufficiency of evidence to support a verdict, or inconsistency between evidence and verdict, may be raised for the first time in a motion for new trial.

**BURGLARY:** Possession in Lieu of Ownership—Evidence. "Use,
2  possession, and control" of a railway car in a named company is not established by evidence that an employee of such company sealed it while it stood on a track, the ownership of which is not affirmatively shown.

**BURGLARY:** Purpose to Which Railway Car Is Put. The *purpose*
3  for which merchandise is put and kept in a railway car must be shown, in order to meet the statutory elements of the offense. The naked *presence* of merchandise in a car at the time of a breaking and entering is insufficient to show that the car was one in which goods were kept for "use, sale, or deposit."

*Appeal from Pottawattamie District Court.*—O. D. WHEELER, Judge.

MARCH 10, 1920.

APPEAL from a conviction for breaking and entering into a railroad car.—*Reversed and remanded.*

*John J. Hess,* for appellant.

*H. M. Havner,* Attorney General, *F. C. Davidson,* Assistant Attorney General, and *C. E. Swanson,* County Attorney, for appellee.

SALINGER, J.—I. To the complaint that the evidence does not sustain the indictment, the State responds that it is doubtful whether the motion for new trial raises that question. We entertain no doubt on that point, and find it to be indubitable that the motion in terms urges that the verdict is contrary to and not supported by the evidence, and is the result of passion and prejudice. An additional contention is that we may not review the sufficiency of the evidence because there was no motion by defendant for a directed verdict. This position is against the settled rule in this court. We have frequently held that though, by reason of a waiver, the case stands as though there had been no motion to direct, yet "this does not preclude complaint that the verdict is contrary to and not supported by the evidence." *State v. Bosworth,* 170 Iowa 329; *State v. Asbury,* 172 Iowa 606; *Hansen v. Hough,* 177 Iowa 93; *Boyd v. Buick Auto. Co.,* 182 Iowa 306.

1. NEW TRIAL: insufficient evidence: conflict: when properly raised.

II. The indictment charges defendant with the crime of breaking and entering a railroad car feloniously, with intent to commit larceny, in that he, with such intent, broke and entered into "Soo Line Car No. 27680," which car was then and there "in the use, possession, and control of the Illinois Central Railroad Company."

2. BURGLARY: possession in lieu of ownership: evidence.

It may be granted the citations for the State hold defendant may be convicted though the car was owned by the

"Soo Line," if the Illinois Central Railroad had possession. But, of course, that does not help decide whether the proof shows such possession. That appellee has the burden on that question is not denied. That such burden may be discharged by circumstantial evidence is true. Has it so been discharged? The State asserts it has been done, because one who "worked for the Illinois Central" sealed the Soo Line car, and because it is shown that the car stood on an Illinois Central track when said sealing was done. It is not claimed that the act of sealing suffices, standing alone. The argument is that the question of possession was for the jury, if, in addition to said sealing, there is evidence that the car stood on an Illinois Central track, when it was sealed. If the sealing makes no jury case unless the car sealed was on a track owned by the Central, it follows that, though there might not be a conviction even if the ownership of the track was proven, as laid, there can be none if such ownership is not shown. The fact that someone who, in some capacity, worked for the Illinois Central sealed a car standing on a track is no more evidence that the Illinois Central owned said track than evidence of such ownership would be evidence that such sealing was done. In a word, the controlling question at this point is the nature of the evidence of ownership. It is this: Union Avenue runs just north of the depot of the Illinois Central Railroad, and the tracks of that railroad occupy that street, in large part. Three tracks lay on the north side of its freight depot, or freighthouse, and the car in question was on the southernmost track, or the one nearest to that freighthouse.

There is an attempt to buttress this evidence by arguing that, "there is no evidence to indicate that any other railroad company had any depot or any tracks anywhere near this freighthouse." The defendant had no burden to show that the track did not belong to the Illinois Central, and all lack of evidence injures nothing but the case of the State.

Its case cannot be strengthened by the failure or weakness of the testimony for the defendant. See *Farmers & M. St. Bank v. Shaffer*, 172 Iowa 173. It is immaterial what either defendant or anyone else has failed to show. The question is not whether there was a weakness in proof that the tracks belonged to someone other than the Illinois Central, but is whether the State has shown that they did belong to that corporation.

More persuasive than is the argument based on the weakness of evidence tending to show someone other than the Illinois Central owned said tracks is the fact that, if they did belong to that company, it was easy to show that fact. And here there is almost room for the operation of the rule that a failure to produce evidence peculiarly and readily available to the parties having the burden raises a presumption that no such evidence exists.

On the authority of *State v. Carson*, 185 Iowa 568, *State v. O'Donnell*, 176 Iowa 337, and *State v. Saling*, 177 Iowa 552, and cases therein cited and approved, we hold the evidence fails to support the charge that the Illinois Central had "use, possession, and control" of said car.

III. Assume that so much of the charge as alleges that the goods in the car were kept there for "transportation" is surplusage. But that still leaves it for the State to show that the car entered was one "in which any

3. BURGLARY: purpose to which railway car is put.

goods, merchandise, or valuable things are kept for-use, sale, or deposit." What is the evidence of that? One witness says, "They were box cars, loaded with merchandise;" that "Box No. 2" was in the door of the car, about half way out, "so as to drop it down."

"Q. Was there anything else in the car door? A. There was a few boxes shoved to the car door. I didn't examine the rest of them, just the one he was going to drop out. Q. What was there in this car besides this box? A. I didn't

examine the car,—didn't go into it; but I saw there was something else, and the car was pretty well filled with boxes and cartons and mixed stuff. Q. Where was that box of coffee? A. Right where he threw it when the night clerk let the window drop."

The only other evidence on this point is that a witness saw some pasteboard boxes in the car, near the door.

Is this evidence that the car was one in which these things were kept either for use, sale, or deposit? The evidence does not show for what use either the Soo Line, the owner of the car, or the Illinois Central, its alleged possessor, kept said goods in this car, nor show for what use anyone kept them there. There is no evidence that these goods were in the car for sale or deposit. It may be the legislature should not have hampered the State by making the commission of the crime depend in part upon the purpose for which goods were kept in the car broken into. But it certainly has made that element a part of the statute crime. And the State recognizes this, by alleging in the indictment that said goods were kept in the car entered, for use, sale, and deposit.

The verdict lacks support because there was a failure to prove this allegation. This is no holding that it cannot be established by evidence either direct or circumstantial. It is no attempt to settle what evidence will send such allegation to the jury. What we decide is that the total of all the evidence in this case is too weak to sustain this charge in the indictment.

IV. We give no consideration to the assignment that the court erred in giving Instruction 10, because no exceptions to instructions seem to have been taken.

V. The arguments suggest there is a controversy over whether the prosecution was not under a statute which does not authorize the penalty the court inflicted. In view of our granting a new trial, and of the manner in which this

point is raised, we prefer to express no opinion upon this at this time.

The judgment below must be reversed.—*Reversed and remanded.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.