JOHNNIE GREEN v. STATE.

151 So. 898.
Special Division B.
Opinion Filed December 11, 1933.
Rehearing Denied January 8, 1933.

*Daniel P. Galen,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error:

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen

and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the Criminal Court of Record be, and the same is hereby affirmed.

DAVIS, C. J., and WHITFIELD and BUFORD, J. J., concur.

## ON REHEARING.

PER CURIAM.—The judgment of conviction herein was affirmed without opinion. A petition for rehearing has been filed in which counsel states:

"I believe that a careful reconsideration of this case will convince this Honorable Court that this defendant was denied due process of law, in that he was denied the opportunity to present any defense he may have had, as is guaranteed to him under the due process clause of both the Federal and State Constitutions," and

"I believe the testimony in this case will show that this defendant was denied a hearing as is guaranteed him under the due process clause of both the Federal and State Constitutions. He was notified to appear to meet a charge alleged to have been committed on March 10, 1933, and when the State got him in court the evidence offered was to the effect that the crime was committed sometime this year. In all fairness to this defendant can anyone say that this hearing was in accordance with the notice he received in the information filed against him."

The petition for rehearing violates the rule on the subject. Payne v. Ivey, 83 Fla. 436, 452, 93 So. 143.

As no opinion was filed in affirming the judgment and the conviction is for a felony the reasons for affirming the judgment will in this case be briefly listed.

The information filed June 5, 1933, charges that the

defendant on March 10, 1933, in Dade County, Florida, did unlawfully break and enter the store building located at 190 N. W. 14th Street, City of Miami, Dade County, Florida, property of one J. C. Vaughn, with intent to commit a misdemeanor therein, to-wit: petit larceny, with intent to take, steal and carry away money, goods and chattels of the value of less than fifty dollars. See Davis v. State, 54 Fla. 34, 44 So. 757.

A witness, J. C. Vaughn, testified that he lived at 190 N. W. 14th Street, Miami, Florida, and was living there March 10, of 1933, that it is his place of business, a cafe, and that he has charge of the store building at 190 N. W. 14th Street, that he was in the cafe under the counter asleep when the defendant broke and entered, that he had a little old gun he keeps in there; that he took the gun and as the defendant "was coming back to look to look in the kitchen, when he flash the light to look in the kitchen, I throwed the gun in his face, and he said out, 'Oh, don't kill me'; just like that. I said, 'Fat, what you doing in here'? He says, 'I ain't doing anything.' I says, 'Yes, you are the one that broke the lock.' He never did say anything but 'uh, uh.' " The time was during this present year. Witness testified June 6, 1933.

The defendant denied the charge against him and adduced testimony tending to show an alibi. The verdict of the jury settled conflicts in the testimony and the credibility of the witness. There is substantial evidence to sustain the verdict. Testimony was adduced as to the identity of the defendant as the party who broke and entered the premises described and as to the charge of and occupancy and use of the premises as a cafe by J. C. Vaughn, and that a gun was kept in the cafe. It could also reasonably be inferred from the testimony that in the place used as a

cafe, there was other personal property and that the breaking and entering was with intent to commit petit larceny in the building. It was shown by the testimony given June 6, 1933, that the breaking and entering was during the present year, 1933; and from other circumstances shown by the record it may be inferred that the crime was committed before the information was filed June 5, 1933.

It was not necessary to prove the exact date of the crime if it was committed within two years before the information was filed. Alexander v. State, 40 Fla. 213, 23 So. 536.

The proof as to the store building being the property of, i. e., in charge of and occupied and used by J. C. Vaughn as a cafe, is legally sufficient. Dees v. State, 99 Fla. 1144, 128 So. 485. An error in stating the name of the trial court is corrected.

Rehearing denied.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.