101 So.2d 877 (1958)
Arthur John WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. A-117.
District Court of Appeal of Florida. First District.
April 1, 1958.
Rehearing Denied April 29, 1958.
Wayne Ripley, Jacksonville, for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
*878 WIGGINTON, Judge.
This is an appeal from judgment of conviction entered by the Criminal Court of Record of Duval County.
Appellant was charged in two counts of an information, tried and convicted of an attempt to break and enter with the intent to commit the felony of grand larceny, and with possession of burglarious tools. Upon entering its judgment thereon, the trial court sentenced defendant to three years in the state prison on count one, being the attempt to break and enter, and deferred sentence as to count two. Among other things, this appeal (1) attacks the trial court's failure to order a mistrial because of the alleged misconduct of one of the jurors; (2) questions the sufficiency of the evidence to sustain the verdict and judgment, the defendant's motion for directed verdict and for a new trial on this ground having been denied; and (3) challenges the trial court's authority to defer sentence on count two from day to day and term to term.
The juror in question allegedly failed to give correct answers to certain questions propounded by defendant's counsel on voir dire. If the colloquy between defendant's counsel and the court could be, by any generous interpretation, considered a motion for mistrial, we find that such motion was waived. The record shows that the matter of the juror's alleged misconduct was brought to the court's attention during the progress of the trial, whereupon testimony of witnesses was heard in the absence of the jury. Thereafter, and before the court had an opportunity to rule on the motion, defendant's counsel requested the court to "Let's go ahead, Your Honor. And may it please the court witnesses are in the courtroom and they were put under the rule." Having thus waived his motion, defendant cannot now be heard to challenge the trial court's failure to grant a mistrial.
Appellant further contends that the evidence fails to prove an attempt to break and enter with the intent to commit a felony, to wit: to take, steal and carry away property the value of which was $50 or more. It appears from the record that appellant was apprehended during the early morning hours, before day, by police who had been summoned to the scene by an automatic burglar alarm. Appellant was discovered crouching beneath a truck parked some eight feet from the rear entrance of a building housing a grocerymarket to which the burglar alarm was attached. He had in his possession a crowbar and a loaded pistol. The door of the building showed signs of having been tampered with, and bore marks that could have been caused by a crowbar. The evidence clearly established that the building had not been entered. One of the arresting officers testified that appellant, upon being taken into custody, confessed his intention to steal some cigarettes from the building in question. The record stands mute as to whether there were in fact any cigarettes in the building, and, likewise, as to the value of the contents thereof. The only evidence concerning this fact was adduced by the store manager who testified that the building contained "Groceries. Full of meats, sugar, flour, canned goods."
In Turknett v. State[1], the defendant was convicted of an attempted breaking and entering with the intent to steal money, goods or property valued at $50.00 or more. As in the case at bar, the accused was apprehended before he actually entered the building and there was no proof as to what property the accused had the intent to steal. Nor was there any evidence as to what property, if any, was in the building. It was there held that the State must always prove each element of the offense charged before a legal conviction may be had. The Court in its opinion further stated that: "If the evidence had shown that there was property of value in the building, the subject of larceny, then the *879 jury might have assumed that the accused was attempting to break into the building for the purpose of committing larceny. But, without some evidence as to what property the accused was interested in taking, the jury could not assume that the intent was evident to commit the higher of the two offenses denounced by the statutes."
In Rebjebian v. State[2], the Supreme Court held that evidence which showed that the defendant, upon entering the dwelling there in question, went directly to an upstairs bedroom containing jewels valued at some $20,000 was sufficient to show an intent to commit grand larceny. That case is distinguished from the instant case by virtue of the fact that in the cited case there was ample evidence as to what property the accused intended taking, and the value of that property was clearly established.
The State urges that the testimony of the store manager, to the effect that the building the defendant attempted to enter was full of groceries and meats, was sufficient evidence of value and intent. It is further contended that this evidence, taken with the court's extensive instructions relative to the essential character of the element of intent, fully supports the jury's finding.
In Johnson v. State, Fla.App., 102 So.2d 412, held that testimony which showed that the accused stole a 1954 Oldsmobile 88 four door automobile was not sufficient to sustain a conviction for grand larceny, absent proof of the value thereof. It was there said that the jury could not rely upon personal knowledge of automobile values. If we should concede arguendo, but without holding, that the evidence in the instant case is sufficient to establish the fact that the building defendant attempted to enter contained goods and property the value of which may well have exceeded $50, we are still faced with a complete absence of any evidence from which the jury could have determined the intent of the accused to commit grand larceny. The trial court's charge cannot serve to give voice to a record which otherwise stands mute upon an essential element of the crime with which the accused is charged. We, therefore, hold that, although the evidence is sufficient to support a conviction of attempting to break and enter with intent to commit petit larceny, a misdemeanor under F.S. § 776.04(3), F.S.A., there is insufficient evidence to sustain a conviction of the felony. For this reason the cause must be remanded for the entry of an appropriate judgment and sentence.[3]
Turning now to appellant's assignment relating to the trial court's order indefinitely deferring the imposition of sentence on count two of the information under which the accused stands convicted, we find that portion of the court's order to be void and of no effect for the reasons stated in our opinion in Bateh v. State, Fla. App., 101 So.2d 869.
After careful consideration of the remaining errors assigned, we find them to be without substance or merit.
For the reasons heretofore stated the judgment appealed from is reversed and the cause remanded for the entry of judgment and sentence consistent with the views herein expressed.
STURGIS, C.J., and CARROLL, DONALD, K., J., concur.
NOTES
[1] 116 Fla. 562, 156 So. 538.
[2] Fla. 1950, 44 So.2d 81.
[3] F.S. § 924.34, F.S.A.