162 So.2d 297 (1964)
Robert Elwood YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 63-527.
District Court of Appeal of Florida. Third District.
March 31, 1964.
Engel, Pollack & Taffer, Miami, for appellant.
James W. Kynes, Jr., Atty. Gen., and Victor V. Andreevsky, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and CARROLL and TILLMAN PEARSON, JJ.
PER CURIAM.
Appellant, a defendant in the Criminal Court of Record in and for Dade County, Florida, appeals a conviction and sentence on the charge of breaking and entering with intent to commit a misdemeanor.
The principal points relied upon by the appellant for reversal were: (1) Failure to prove the corpus delicti, to wit: ownership of the building allegedly broken into; therefore the trial judge erred in failing to grant defendant's motion for a directed verdict. (2) That the trial judge, hearing the cause non-jury, erred in entering an adjudication of guilt when the evidence was not sufficient to show specific intent to commit the crime charged.
As to the first point, the state presented evidence from a person that she was the owner of the building broken into at the time and date of the breaking. This was sufficient to constitute prima facie evidence of ownership. See: Collingsworth v. State, 93 Fla. 1110, 113 So. 561; Green v. State, 113 Fla. 237, 151 So. 898. As to the second point, the defendant contended that he was too intoxicated to have the capacity to form a specific intent to commit a misdemeanor, if in fact he did break into the premises. From the facts adduced in the record, the trial judge concluded this adverse to the defendant.
No error is found in this determination, when the record reveals that the defendant *298 had a most accurate knowledge and recollection of all events immediately preceding his being found in the premises involved after closing hours and immediately after his arrest. At the time he was apprehended, he was wearing surgical gloves, there was a crowbar in the immediate vicinity, he had a flashlight in his possession, and he was standing on a loaded revolver which was registered in his name. The circumstances surrounding his apprehension and his ability to recollect all events except the actual breaking, support the finding of guilt in accordance with the following authorities: Davis v. State, Fla. 1956, 87 So.2d 416; 5 Fla.Jur., Burglary and Housebreaking, § 25.
Therefore, the conviction, adjudication of guilt and sentencing is hereby affirmed.
Affirmed.