192 So.2d 285 (1966)
Esaw JONES, Appellant,
v.
The STATE of Florida, Appellee.
No. 66-194.
District Court of Appeal of Florida. Third District.
November 29, 1966.
Robert L. Koeppel, Public Defender, and George E. Bunnell, Sp. Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Barry N. Semet, Asst. Atty. Gen., for appellee.
Before PEARSON and SWANN, JJ., and EATON, JOE, Associate Judge.
EATON, JOE, Associate Judge.
Appellant, defendant below, was charged with attempted breaking and entering a dwelling house with intent to commit grand larceny. He waived trial by jury, was tried, and was convicted of attempted breaking and entering a dwelling house with the intent to commit petit larceny, a lesser included offense.[1] This appeal is from the judgment and sentence rendered by the trial court.
*286 The appellant urges that the state presented no evidence upon which the trial judge could properly have found him guilty of attempted breaking and entering a dwelling house with intent to commit petit larceny.
The record contains sufficient evidence to warrant the trial judge's finding that the defendant attempted to break and enter a dwelling house. The proof as to the remaining element of the charge calls for further discussion. The specific intent to commit petit larceny is the gist of the offense of which he was convicted and that intent is not necessarily implied from the fact that there was an attempt to break and enter a dwelling house. McNair v. State, 1911, 61 Fla. 35, 55 So. 401; See Jenkins v. State, 1909, 58 Fla. 62, 50 So. 582. Intent, being a state of mind, is often not subject to direct proof and can only be inferred from circumstances. See Scott v. State, Fla.App. 1962, 137 So.2d 625. It may be inferred that one had the specific intent to commit petit larceny if sufficient facts are proved from which such inference can be drawn. Simpson v. State, 1921, 81 Fla. 292, 87 So. 920.
In Green v. State, 1933, 113 Fla. 237, 151 So. 898, the Supreme Court dealt with a situation similar to this one insofar as the facts bear upon intent. In that case, the testimony disclosed that the accused broke and entered a building used as a dwelling and a cafe and that a gun was kept in the cafe. The Supreme Court held that there was sufficient evidence to support the conviction. The court wrote as follows: "Testimony was adduced as to the identity of the defendant as the party who broke and entered the premises described and as to the charge of and occupancy and use of the premises as a cafe by J.C. Vaughn, and that a gun was kept in the cafe. It could also reasonably be inferred from the testimony that in the place used as a cafe there was other personal property, and that the breaking and entering was with intent to commit petit larceny in the building."
In Turnnett v. State, 1934, 116 Fla. 562, 156 So. 538, the Supreme Court reversed a conviction of attempted breaking and entering with intent to commit grand larceny. There was sufficient evidence to show that the defendant attempted to break and enter the building, but the record was silent as to what property, if any, was in the building. Therefore, there was no evidence from which the trial court or the jury could have determined what property, if any, the accused had the intent to steal. The court stated: "If the evidence had shown that there was property of value in the building, the subject of larceny, then the jury might have assumed that the accused was attempting to break into the building for the purpose of committing larceny. But, without some evidence as to what property the accused was interested in taking, the jury could not assume that the intent was evident to commit the higher of the two offenses [grand larceny as distinguished from petit larceny] denounced by the statutes." (Comment added.)
In Williams v. State, Fla.App. 1958, 101 So.2d 877, the evidence was found to be sufficient to support a conviction of attempted breaking and entering with intent to commit petit larceny. The attempted breaking and entering occurred during the hours of darkness and the defendant was discovered crouching beneath a truck near the rear entrance of the building. He had in his possession a crowbar and a loaded pistol. The building contained "groceries. Full of meats, sugar, flour, canned goods." The court referred to the above quoted language (a portion of which was dictum) from the Turnnett case and adopted it as the law applicable to the circumstances of the Williams case.
In the final analysis, the question whether a defendant had the criminal intent to commit the crime with which he is charged is a question of fact to be decided *287 by the trier of fact from all the circumstances of the case.
The record in our instant case reflects that the attempt to break and enter occurred at a screened bedroom window between eleven and eleven-thirty o'clock at night. The overt act of the breaking was established. No entry was made. The figure of a man was seen near the window "bent over and creeping". The figure moved swiftly away when an occupant said, "Who is that?" The testimony establishes that there was property of value[2] within the house, the subject of larceny. One of the occupants had a .25 calibre auto-loading type pistol in his bedroom. This pistol was fired during the occurrence. The dwelling contained a kitchen and was being utilized as a dwelling house by three people.
On appeal, it is presumed that the trial judge's interpretation of the evidence was correct and the burden is upon the appellant to show reversible error. After a careful examination of the record, we conclude, in light of the cases we have discussed, that there was sufficient evidence before the trial court from which it could have found, as it did, that the defendant intended to commit petit larceny at the time of the abortive attempt to break and enter the dwelling house. Accordingly, reversible error not having been demonstrated, the judgment and sentence appealed is affirmed.
Affirmed.
NOTES
[1] See Channell v. State, Fla.App. 1958, 107 So.2d 284, and Jalbert v. State, Fla. 1957, 95 So.2d 589.
[2] The necessity for the state to prove the minimal value of personal property comes into focus in "grand larceny" cases. In proving specific intent in "petit larceny" cases, the state has not been compelled to establish that personal property, the subject of larceny, is of specific value, so long as it appears to be "of value". In Mallah v. State, Fla.App. 1960, 121 So.2d 667, the court directly held that proof of cash value is not required in order to establish the requisite intent in a "petit larceny" case. In the following cases no evidence of "value" was offered or required: Channell v. State, Fla.App. 1958, 107 So.2d 284; Williams v. State, Fla. App. 1958, 101 So.2d 877 (groceries). Apparently no such evidence was offered or required in the following cases: Scott v. State, Fla.App. 1962, 137 So.2d 625 (whiskey); Jalbert v. State, Fla. 1957, 95 So.2d 589 (metal tray and microphone); Green v. State, 1933, 113 Fla. 237, 151 So. 898 (gun). The inference was drawn in each of the cases discussed in this footnote that the several articles of personalty referred to were of value  or the court judicially noted as much. Compare Suarez v. State, Fla.App. 1962, 136 So.2d 367.