202 So.2d 14 (1967)
Paul E. SIFFORD, Appellant,
v.
The STATE of Florida, Appellee.
No. 66-861.
District Court of Appeal of Florida, Third District.
August 15, 1967.
Robert L. Koeppel, Public Defender and Marvin J. Emory, Jr., Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen. and Herbert P. Benn and Jesse J. McCrary, Asst. Attys. Gen., for appellee.
Before PEARSON and HENDRY, JJ., and DURDEN, WILLIAM, L., Associate Judge.
*15 PEARSON, Judge.
The appellant was convicted in the Criminal Court of Record of attempted breaking and entering a railroad car. The information charged that the appellant attempted to break and enter a railroad car located at 3400 N.W. 31st Street, Dade County, Florida. It was alleged that the railroad car was the property of Seaboard Airline Railroad Company, as custodian.
The only point presented on this appeal questions the sufficiency of the evidence concerning the identity of the railroad car. It is admitted that the state proved that the appellant did attempt to break and enter a railroad car. The appellant contends, however, that the State did not prove that the railroad car the defendant attempted to break and enter was the railroad car which was proved to have been in the custody of Seaboard Airline Railroad Company. The State contends that the cumulative effect of the testimony sufficiently established custody of the railroad car which appellant attempted to enter.
The only evidence concerning the identity of the railroad car was offered by Mr. R. Granger, the supervisor of property protection for the railroad. He testified that the Seaboard Airline Railroad Company had a railroad car located at 3400 N.W. 31st Street on the Westinghouse siding. Other witnesses for the State testified concerning the commission of the crime but no further evidence was offered concerning the identity of the railroad car. The testimony presented by the State established that there were several railroad cars located at the Westinghouse siding.
It has been frequently held that the ownership of a building alleged to have been entered is material and must be proved as laid. Smith v. State, 96 Fla. 30, 117 So. 377 (1928); Harper v. State, Fla.App. 1964, 169 So.2d 512. It is true that an allegation of ownership may be sufficiently established by proof of care, use, possession, or occupancy at the time of the alleged crime. Green v. State, 113 Fla. 237, 151 So. 898 (1933); Young v. State, Fla.App. 1964, 162 So.2d 297. The controlling question on this appeal is whether the State established that the railroad car appellant attempted to enter was in the custody of Seaboard Airline Railroad Company.
There is no evidence which proves or tends to prove that Seaboard had custody of all of the railroad cars at the particular siding. Therefore, it was incumbent upon the State to prove that the railroad car which was the subject of the attempted breaking and entering belonged to or was in the custody of Seaboard.[1]
There are two reasons for requiring ownership or custody to be proved: (1) to show that the building (or in this case, the car) was not the property of the accused, and (2) to so identify the offense in order to protect the accused from a second prosecution for the same offense. Davis v. State, 51 Fla. 37, 40 So. 179 (1906); Harper v. State, Fla.App. 1964, 169 So.2d 512.
We can find no evidence which sufficiently identifies the car appellant is charged with attempting to enter as being in the custody of Seaboard Railroad. The requirement of the law is not satisfied so long as any of the facts material and necessary to the defendant's guilt are left to implication or inference. We must reverse and remand for a new trial.
Reversed and remanded.
NOTES
[1] For cases which discuss the degree of proof of ownership necessary with breaking and entering of freight cars, see People v. McCabe, 1922, 306 Ill. 183, 137 N.E. 795; State v. Dolson, 1920, 188 Iowa 629, 176 N.W. 678; Rawls v. State, 1929, 152 Miss. 885, 120 So. 211.