HENDRY, Judge.
The appellant herein was the defendant in two separate cases which were consolidated for trial. In case No. 66-7740, defendant was charged with the crime of breaking and entering a dwelling with intent to commit a felony, to-wit: grand larceny, the offense allegedly having been *693 committed on October 16, 1966. In case No. 66-7741, he was charged in a two count information with (1) breaking and entering a dwelling with intent to commit a felony, to-wit: grand larceny, and (2) petit larceny in violation of § 811.021, Fla.Stat., F.S.A., which offense it was alleged occurred on October 13, 1966, at the same location as the breaking and entering previously charged.
Defendant entered a plea of not guilty and waived trial by jury. After trial, he was found guilty as charged, so adjudicated, and sentenced to cumulative sentences of five years in case No. 66-7740 and two years in case No. 66-7741.
Appellant’s only meritorious point on appeal is that the state failed to establish a prima facie case of breaking and entering with intent to commit a felony, to-wit: grand larceny. The state’s only evidence in support of the charge that defendant intended to commit grand larceny was testimony that the dwelling contained property valued at more than One Hundred Dollars. The defendant admitted having taken from the house a purse containing Fourteen Dollars; but, he asserted that he never intended to take more than Thirty Dollars, which sum he maintained was owed to him. He also steadfastly maintained that the sole purpose of the second intrusion was to retrieve the balance of the Thirty Dollars. Defendant was arrested while inside the dwelling upon the second occasion.
We find the state’s evidence insufficient to prove that the appellant entertained an intent to commit grand larceny at the time he broke into and entered the dwelling. There is, however, ample proof to establish the offense of breaking and entering with intent to commit petit larceny. Therefore, we affirm the convictions of breaking and entering and petit larceny, but the judgments and sentences will be set aside and the causes remanded with directions to the trial court to enter judgment holding the defendant guilty of the lesser included offenses (i. e., breaking and entering with intent to commit a misdemeanor, to-wit: petit larceny) and to impose sentences therefor as provided by law. See: § 924.34, Fla.Stat., F.S.A.; Bronson v. State, 152 Fla. 28, 10 So.2d 718 (1942); Turnnett v. State, 116 Fla. 562, 156 So. 538 (1934); Todd v. State, Fla.App.1966, 187 So.2d 908; Morrow v. State, Fla.App.1966, 185 So.2d 200; and Williams v. State, Fla.App.1958, 101 So.2d 877.
Reversed and remanded.