HENDRY, Judge.
Appellant, defendant in the trial court, seeks review of a judgment and sentence of two years incarceration for breaking and entering a building with intent to commit a felony, to wit: grand larceny.
The evidence at trial revealed that appellant broke into the Buccaneer Lodge, where he recently had been employed, on June 8, 1972. Two police officers observed appellant enter an office area of the building, and they waited approximately forty minutes for him to leave, when they arrested him. Police searched the appellant and discovered only two keys to the building in his possession. Further testi-. mony indicated damage within the office to a desk drawer and to a door lock, and that a supply cabinet had been rifled. However, items of personal property in the office, including a watch, typewriters and an adding machine in excess of $100 in value had not been disturbed.
Based upon this evidence, a jury returned a verdict of guilty. Appellant argues that the trial judge should have directed a verdict of acquittal at the close of the state’s case because the evidence failed to prove an element of the crime, intent by the appellant to commit grand larceny.
Appellant concedes that the state satisfactorily proved a breaking and entering, and he is not guiltless. Therefore, we do not find error in the court’s denial of a directed verdict of acquittal.
However, there is merit to appellant’s contention that the state failed to prove he intended to commit grand larceny. It is clearly the law that the element of intent in Fla.Stat. § 810.02, F.S.A., under which appellant was convicted, may be proven by circumstantial evidence. Jones v. State, Fla.App.1966, 192 So.2d 285; Dobry v. State, Fla.App.1968, 211 So.2d 603.
However, the Florida Supreme Court in Jalbert v. State, Fla.1957, 95 So.2d 589, stated, “In the absence of other evidence or circumstances, the best evidence of what he (the defendant) intended to steal is what he did steal.” This court has held that where the state’s only evidence of an intent to commit grand larceny in a case of this nature is that a dwelling house contained property valued in excess of $100, such evidence is not sufficient to prove intent. Thompson v. State, Fla.App.1968, 207 So.2d 692. In the instant case, the evidence shows that appellant was caught with two keys to the Buccaneer Lodge in his possession. We have determined from the record that the evidence was sufficient to prove only a breaking and entering with intent to commit a misdemeanor, to-wit: petit larceny. See Fla. Stat. § 810.05, F.S.A.
Accordingly, and by virtue of the provisions of Fla.Stat. § 924.34, F.S.A., the judgment and sentence appealed is reversed and the cause is remanded with directions to the trial court to enter a *760 judgment against the appellant for breaking and entering with intent to commit a misdemeanor, to-wit: petit larceny, and to impose a new sentence.
Reversed and remanded, with directions.