PER CURIAM.
By an information the appellants were charged with breaking and entering a building with intent to commit a felony, to wit, grand larceny. On trial before a jury they were found guilty of the lesser offense of entering without breaking with the said intent. The defendants were adjudged guilty by the court and each was sentenced to imprisonment for a term of three years. Their separate appeals therefrom were consolidated.
The building entered was a meat warehouse. Police officers who responded to a silent alarm set off when the building was entered, apprehended the defendants in the building. One of the defendants was found in the area of the locker which contained the meats shown at trial to be valued at between $8,000 and $10,000, and the other defendant was found hiding in the office, which contained typewriters and calculating machines shown to be valued in excess of $100. Also found therein by police were a tire iron and a crowbar not previously in the premises.
The appellants present two contentions. The first is that the court erred in allowing, over their objection, the introduction into evidence of certain posed photographs. At a side door where an indention appeared, posed photographs were taken of police inserting the tire iron at the point of indention, as a means of showing how the break-in may have been accomplished. It was those photographs that were introduced in evidence by the state.
Appellants argue use of the photographs was error in that they did not constitute a showing of the scene of a crime, but depicted a simulation of a crime, citing Hall v. State, 78 Fla. 420, 83 So. 513. The state contends, correctly in our view, that if there was error in that regard no substantial rights of the defendants were injuriously affected thereby, and that reversal therefor would be unwarranted because of the harmless error provision (§ 924.33 Fla.Stat., F.S.A.). Here the verdict reveals the jury rejected the evidence presented to show an entering by breaking, since the verdict rendered found the defendants guilty of entering without breaking, and the defendants do not contend there was an insufficiency of evidence to support that finding of the jury.
Secondly, the appellants contend the court committed error by denying their motions for acquittal made at the close of the state’s case and after all of the evidence was presented. Specifically, appellants argue there was insufficiency of evidence to support a finding by the jury that their entry into the building was with intent to commit a felony, to wit, grand larceny.
Intent to commit a felony (in this instance grand larceny) was an essential element of the statutory crime of breaking and entering (or entering without breaking as found here) with intent to commit a felony, and the state incurred the burden of *917 proving that element of the crime beyond a reasonable doubt. In Rebjebian v. State, Fla.1949, 44 So.2d 81, 82-83, with reference to proof of the element of intent involved in such a crime, the Supreme Court said: “However, the state meets the burden placed upon it when it proves facts, aside from the breaking and entering, from which the intent may be clearly inferred, Simpson v. State, 81 Fla. 292, 87 So. 920, or proves such intent by circumstantial evidence. Smith v. State, 87 Fla. 502, 100 So. 738”.
In the circumstances disclosed by the evidence in this case, the jury properly could and did find against the defendant-appellants on the issue as to the element of intent to commit the alleged felony. See Clifton v. State, 26 Fla. 523, 7 So. 863; Rebjebian v. State, supra.
In cases where an accused is apprehended after having broken and entered a building or dwelling (or entered without breaking) and after having departed therefrom voluntarily (other than in flight to avoid apprehension) having taken no property or taken only property of less value than that which is required for grand larceny, it has been held that in the absence of other evidence or circumstances the best evidence of what the entrant intended to steal is what he did steal. Jalbert v. State, Fla.1957, 95 So.2d 589, 592. In a case of that kind, it is held that evidence that the building or dwelling contained property of value in excess of that required for grand larceny is insufficient to prove the entry was with intent to commit grand larceny (in absence of other evidence or circumstances sufficient to prove intent to commit grand larceny or to prompt 'and support a reasonable inference of the existence of such intent). This court so held, in such a case, in West v. State, Fla.App.1974, 289 So.2d 758 (where the defendant, apprehended after entering and departing the premises, was found to have taken only two keys to the building). The Supreme Court so held in a case where the entrant, apprehended after having left a residence, was found to have taken property which was not shown to be of value sufficient for grand larceny, in Guerrero v. State, Fla.1974, 289 So.2d 396. See also to like effect, Thompson v. State, Fla.App.1968, 207 So.2d 692, cited in State v. West, supra.
Appellants’ reliance on cases of that type is misplaced. In this case the appellants were apprehended within the building, and prior to having taken or having had opportunity to steal and take away such property as intended.
Such unlawful entry into a building or dwelling shown to contain property- of value subject to larceny will support an assumption that the entrant does so for the purpose of committing a larceny. The Supreme Court so stated in Turknett v. State, 116 Fla. 562, 156 So. 538.[1]
Here, the nature and value of the property in the building were shown. It consisted principally of meat stored in a meat locker. The evidence upon the issue of the element of intent to commit grand larceny included the circumstance, bearing on intent to steal meat, that the defendants took a crowbar into the building, from which it could be assumed the defendants intended to use it to force open the meat locker, if necessary. Whether the intent to commit *918 larceny was to steal such property m a quantity sufficient to amount to grand larceny was a question for determination of the jury, based on the evidence presented.
The judgment of conviction in this case, which we hold was supported by competent substantial evidence, is hereby affirmed.

. In Turknett the accused was apprehended upon attempting to break and enter, but prior to entering, and was charged with attempt to break and enter with intent to commit grand larceny. There, where the value of property in the building was not shown, the Court said: “If the evidence had shown that there was property of value in the building, the subject of larceny, then the jury might have assumed that the accused was attempting to break into the building for the purpose of committing larceny. But, without some evidence as to what property the accused was interested in taking^ the jury could not assume that the intent was evident to commit the higher of the two offenses denounced by the statutes”.