333 So.2d 89 (1976)
Christine MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. AA-98.
District Court of Appeal of Florida, First District.
June 9, 1976.
*90 Richard W. Ervin, III, Public Defender, and Louis G. Carres, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
SMITH, Judge.
This appeal questions whether a jury may be permitted to convict the accused of having committed the offense charged on a date other than that specified in both the State's accusation and its proof, when substantial alibi evidence given in defense raises doubts that the accused committed the offense on the date specified.
Christine Mitchell was tried, convicted and sentenced for a sale of heroin to an undercover agent on December 14, 1974. The State charged and offered proof that she made the sale to the agent shortly before midnight on that date at Pick-Up Liquors in Jacksonville. The undercover agent testified unequivocally that the sale took place on the night of December 14 and that he delivered the heroin to his vice squad supervisor the next day, December 15. The supervisor corroborated the agent's testimony.
Appellant presented several witnesses, in addition to herself, who testified that appellant was continuously with a group which left Jacksonville for Lakeland early on December 14, attended a Lakeland funeral that afternoon, spent the night and returned to Jacksonville on December 15.
Anticipating an alibi, the State filed a pretrial demand pursuant to Rule 3.200, R.Cr.P., that appellant give notice of her intention to claim an alibi and that she specify its details and name her supporting witnesses. In conformity with the rule, the prosecutor recited in his demand:
"As particularly as is known to me, the place, the date and time of the commission of the crime charged in the above-numbered information are as follows:
"December 14, 1974, at approximately 11:30 p.m., in the vicinity of 760 W. Ashley Street, Jacksonville, Duval County, Florida."
Appellant's counsel responded with the names of 15 witnesses and other pertinent details of her Lakeland trip. The State was granted a continuance of the trial and more time in which to list anticipated witnesses in rebuttal to appellant's alibi. See Rule 3.200, R.Cr.P. More than three months after notice of the alibi was given, the case went to trial with the State still insisting that appellant sold heroin to the undercover agent on the night of December 14, 1974. No bill of particulars had been demanded and none had been given.
At the conclusion of the trial, over objection by defense counsel, the court charged the jury in accordance with Charge 2.08 of Florida Standard Jury Instructions in Criminal Cases, designated as applicable when "no bill of particulars as to date" has been given:
"It is not necessary that the State prove that the crime was committed on the exact date alleged in the information. It is sufficient if the evidence establishes beyond a reasonable doubt that the crime was committed within two years immediately prior to the filing of the information in this case."
Precisely stated, the rule of law on which the standard charge was based is that "one date may be alleged and another proved, providing the proof shows the crime committed before the information was filed and within the time of the Statute of Limitations." State v. Clein, 93 So.2d 876, 879 (Fla. 1957). See also Green v. State, 113 Fla. 237, 151 So. 898 (1934); Alexander v. State, 40 Fla. 213, 23 So. 536 (1898); Warrace v. State, 27 Fla. 362, 8 So. 748 (1891). The rule is said not to apply in "those rare cases ... where the *91 exact time enters into the nature or legal existence of the offense." Horton v. Mayo, 153 Fla. 611, 613-14, 15 So.2d 327, 328 (1943). Our colleagues on the District Court of Appeal, Fourth District, have suggested in dicta that variance between information and statement of particulars on the one hand and the evidence on the other may be prejudicial when an alibi is relied on. Howlett v. State, 260 So.2d 878, 880 (Fla.App. 4th, 1972). The 1934 Green decision of the Supreme Court is perhaps to the contrary. 113 Fla. at 240, 151 So. at 899.
We need not here decide whether the State, not having filed a statement of particulars but having committed itself to a certain date for purposes of limiting and meeting an alibi defense, may without notice disregard that date, finesse the alibi and prove that the offense was committed some other time within the period of limitation. The State did not choose that course here, but held steadfastly to its proof that appellant committed the offense in Jacksonville on the evening of December 14, 1974. There was no evidence from which the jury could properly have found, beyond and to the exclusion of every reasonable doubt, that appellant committed the offense on December 13 or on December 15 or at any other time.
It follows that, in the circumstances of this case, the trial court erred in charging the jury in effect that it might convict appellant if it found she committed the offense charged on some date other than December 14, 1974. That the evidence which was adduced gave the jury a hard choice was no justification for inviting the jury to indulge in speculation which disregarded all the evidence.
REVERSED for a new trial.
BOYER, C.J., concurs.
MILLS, J., dissents.
MILLS, Judge (dissents):
I dissent. The giving of Charge 2.08 of Florida Standard Jury Instructions in Criminal Cases was proper because the defendant failed to request a statement of particulars. In addition, the jury, as trier of the facts, heard the evidence and resolved the conflicts in favor of the State. I would affirm.