350 So.2d 808 (1977)
Stephen JACKSON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 76-1892.
District Court of Appeal of Florida, Second District.
October 7, 1977.
As Modified On Denial of Rehearing November 4, 1977.
*809 Jack O. Johnson, Public Defender, Bartow, and Douglas A. Wallace, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
The trial court, over appellant's objection, instructed the jury that the state was not required to establish the specific date of the crime even though appellant pled an alibi defense. Appellant claims that in so doing the trial court committed reversible error. We agree and award appellant a new trial.
Appellant, Stephen Jackson, Jr., was charged by information with having committed robbery on October 25, 1975. During discovery procedures appellant provided the state with a notice of intent to claim alibi. See Fla.R.Crim.P. 3.200. However, appellant did not request that the state furnish him a statement of particulars as to the specific date of the offense. At trial the state's proof showed that the robbery had occurred on October 25, 1975, and no evidence was introduced to show that the robbery took place on any other date. Appellant put on his alibi defense keyed to the October 25 date. Three witnesses testified in support of his statement as to his whereabouts at the time of the robbery. After both sides rested, the court instructed the jury, over defense objection, that it was not necessary for the state to prove that the robbery occurred on October 25. Appellant was convicted and the trial court sentenced him to ninety-nine years in prison.
Appellant contends the trial court committed reversible error in giving the previously mentioned instruction over his objection. We agree and reverse.
The First District Court of Appeal recently considered this same point in Mitchell v. State, 333 So.2d 89 (Fla.1st DCA 1976). After reviewing the relevant facts, which are parallel in all material aspects to those in the present case, Judge Smith said:
It follows that, in the circumstances of this case, the trial court erred in charging the jury in effect that it might convict appellant if it found that she committed the offense charged on some date other than December 14, 1974 [the date charged in the information]. That the evidence which was adduced gave the jury a hard choice was no justification for inviting the jury to indulge in speculation which disregarded all the evidence.
333 So.2d at 91.
We think that Judge Smith's conclusion is sound. If a jury is allowed to speculate, an alibi defense will seldom be of any real value to a defendant.
We recognize that our holding is an exception to the well established rule of law upon which the judge's instruction was based, that one date may be alleged in an information and another proved at trial if the proof shows the crime was committed before the information was filed and within the period of the statute of limitations. State v. Clein, 93 So.2d 876 (Fla. 1957); Fla. Standard Jury Instruction 2.09. However, where an accused's defense is keyed to the particular time when the offense was allegedly committed, the general rule is not applicable. Mitchell v. State, supra.
In view of our decision, we need not consider the other points which appellant raises.
Appellant's conviction and sentence are vacated and the case is remanded to the trial court for a new trial.
OTT and RYDER, JJ., concur.