354 So.2d 125 (1978)
The STATE of Florida, Appellant,
v.
Edward J. WARD, Jr., Appellee.
No. 77-86.
District Court of Appeal of Florida, Third District.
January 24, 1978.
Janet Reno, State's Atty. and Milton Robbins, Asst. State's Atty., for appellant.
Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, for appellee.
Before HAVERFIELD, C.J., and HENDRY and KEHOE, JJ.
PER CURIAM.
The State of Florida appeals an order granting defendant, Edward J. Ward, Jr., a new trial following his conviction for burglary of a structure.
The State argues that where the subject burglary information against Ward alleged ownership in the "Eagle Family Discount Stores, Inc." and the evidence at trial showed ownership in "Eagle Family Discount Stores" and all other elements of the crime were proved, such a variance when considered in light of Fla.R.Crim.P. 3.140(o) is not so material as to require a new trial.
The State has misconceived the issue involved in the instant case. The above variance was not the ground for entry of the appealed order granting the new trial. The basis for this order was the insufficiency of the proof of ownership of the burglarized structure.
The well established law is that the ownership of the building alleged to have been burglarized is one of the material and substantive elements which must be proved to sustain a burglary conviction. Smith v. State, 96 Fla. 30, 117 So. 377 (1928); Sifford v. State, 202 So.2d 14 (Fla. 3d DCA 1967); Mitchell v. State, 317 So.2d 465 (Fla. 4th DCA 1975).
*126 There is no evidence in the record which proved or tended to prove that the burglarized structure was owned by Eagle Family Discount Stores, Inc. or that it had any possessory interest therein. The proof with respect to the subject structure was descriptive only in that it was variously labeled the "Eagle Army-Navy Store", "Eagle Department Store", "Eagle Discount Store" and "Eagle Army-Navy". Cf. Lopez v. State, 106 Fla. 361, 143 So. 303 (1932).
We, therefore, find that the trial court was eminently correct in granting Ward a new trial. See Sifford, supra.
Affirmed.