DAUKSCH, Judge.
In this prosecution for burglary it was charged the accused juvenile unlawfully entered a structure located at 117 Northwest 18th Street, Pompano Beach, Broward County, Florida, the property of Wesley Phillips. It was proved Wesley Phillips ran the store which was burglarized and that his father owned it. His father also owned all of the property in the store.
The question on appeal is whether the information and proof are sufficient to convict the appellant. The appellant says the information should have charged the burglary of Wesley Phillips’ father’s store because it was the father who was the owner. We disagree. The information sufficiently identifies the property and the proof was as alleged. We have considered the cases cited by appellant and say that Mitchell v. State, 317 So.2d 465 (4 DCA 1975) is not on point because there the proof was not as alleged on the information. Smith v. State, 96 Fla. 30, 117 So. 377 (1928), seems to support the appellant but that opinion is sparsely worded and if it does support the appellant it is in conflict with two other Supreme Court cases. Green v. State, 113 Fla. 237, 151 So. 898 (1933) and Addison v. State, 95 Fla. 737, 116 So. 629 (Fla.1928). But see Stewart v. State, 122 So.2d 34 (2 DCA 1960) which, again, seems to support appellant’s contention in a persuasive manner. Then we have Dorsey v. State, 324 So.2d 159 (1 DCA 1975) and Sifford v. State, 202 So.2d 14 (3 DCA 1967) which are against appellant.
It is our opinion the reason for specifically alleging and proving the name of the rightful possessor of the property alleged to have been burglarized is to sufficiently identify the property and to permit proof that the accused entered a place unlawfully against the right of the lawful possessor. The fact that the lawful possessor is the person in charge as in Green, supra, or is the lessor as in Addison, supra, or either owner or lessor as in Dorsey, supra, or custodian as in Sifford, supra, matters not. In fact, Sifford, supra, uses the standard of pleading and proof as proof of “care, use, possession or occupancy.” ' This does not seem to comport with the holding of the Supreme Court in Potter v. State, 91 Fla. 938, 109 So. 91 (1926), where it was held that an allegation of “mere occupancy” is insufficient to charge the crime of burglary. We say that it is sufficient to charge and prove a greater possessory right than the accused in order to convict for the crime of burglary. It is not required that the owner of the property be pleaded and proved. In fact, under Addison, supra, it was held by our Supreme Court to be error to plead the true owner instead of the real party in possession.
Affirmed.
GREEN, OLIVER L., Associate Judge, concurs.
DOWNEY, J., concurs specially, with opinion.