## PERRUZZI v. STATE.
No. 79-1.

Circuit Court, Flagler County, Criminal Appeal.

August 7, 1979.

Richard J. Saliba of Ivey, Barnum & O'Mara, Vero Beach, for the appellant.

Noah McKinnon, Assistant State Attorney, and Stephen Nelson, legal intern, for the appellee.

MELVIN ORFINGER, Circuit Judge.

This cause is before the court on an appeal from a judgment of conviction rendered by the county court of Flagler County on December 28, 1978. The record on appeal is based upon an amended order of the county court entered March 16, 1978, settling and approving the record.

On November 21, 1978, defendant was issued a traffic citation by an officer of the Florida Highway Patrol, charging him with unlawful speed on Interstate Highway 95, in Flagler County at 2:20 A. M. on said date. Defendant appeared before the county court on December 14, 1978, pleaded not guilty and a trial was conducted. Defendant was not represented by counsel.

The evidence reveals that the trooper testified that the infraction did not occur at 2:20 A. M., as specified in the citation, but actually occurred at approximately 8 A. M. on that date. Defendant's wife testified that at 2:20 A. M. on that date defendant was at home with her, in Vero Beach, Florida.

The evidence also reveals that the determination of the defendant's speed was made by a radar device; that defendant was traveling north on I-95 and that the officer was traveling south on said highway. The officer testified that he was a currently certified radar operator and that the radar machine used by him was "currently calibrated as required by law," but there was not introduced into evidence the certificate contemplated by 316.1905, 3(b), Florida Statutes 1978. The record does not reflect any objection by the defendant to any of the testimony.

On the basis of the record before me, the conviction cannot be sustained. Although Sec. 318.14, Florida Statutes, 1978, makes the infraction a "noncriminal infraction" and Sec. 318.18, Florida Statutes 1978, imposes only civil penalties, yet if a person elects to appear, he is deemed to have waived his right to the civil penalty provisions of the statute and subjects himself to a possible fine of $500 (318.14(5), F. S.), and at the hearing, the offense must be proved beyond a reasonable doubt (318.14(6), F. S.). This certainly takes on the aspect of a criminal trial, even though technically speaking it may not be such, and at such hearing the defendant is, without dispute, entitled to all constitutionally guaranteed due process rights. *Levitz v. State*, 339 So.2d 655 (Fla. 1976).

There is a fatal variance between the time of the offense as charged, and as proven at the trial. Although there are no pleadings as such in a traffic case, the defendant presented an alibi defense at the trial for the time as charged, and this was not controverted. In fact, the officer agreed that the hour of the offense shown on the citation was in error. This was a material error, and one which should have resulted in a dismissal. See *Mitchell v. State*, 333 So.2d 89 (Fla. 1DCA 1976), and Jackson v. State, 350 So.2d 808, (2DCA 1977).

Additionally, even should the time variance not be deemed material, it would appear to be fundamental error and a violation of due process to convict a defendant based on radar evidence when the requirements of Sec. 316.1905, F. S., have not been complied with. This statute requires periodic testing of the machine for accuracy and requires the production of a certificate, *signed* and *witnessed*, that such device was tested within the time period specified in the statute and that such device was working properly, before evidence of the speed reading can be received by the court. Anything less does not, in the opinion of this court, comport with due process.

For the reasons expressed, the judgment of conviction is reversed, with directions to dismiss the charges.