CAMPBELL, Judge.
The appellant contests his adjudication of delinquency and the order placing him on probation for the offense of dealing in stolen property. The petition filed by the state against the appellant alleged that the offense was committed on November 24, 1979. At the trial the state proved, as the time of the offense, a date different from that alleged in the petition. It is a well established rule of law that one date may be alleged in an information and another proved at trial if the proof shows the crime was committed before the information was filed and within the period of the statute of limitations. State v. Clein, 93 So.2d 876 (Fla.1957); Fla.Std.Jury Instr. (Crim.) 2.09. Such was the proof in the trial court here.
Appellant, however, urges on us an exception to that rule which was recognized in Jackson v. State, 350 So.2d 808 (Fla. 2d DCA 1977), and Mitchell v. State, 333 So.2d 89 (Fla. 1st DCA 1976). That exception has to do with cases in which the defendant relies on an alibi defense and the state has notice of that defense prior to trial.
In Jackson, the defense pled an alibi defense although it did not request the state to furnish a statement of particulars as to the specific date of the offense. In Mitchell, the state filed a pretrial demand pursuant to rule 3.200, Florida Rule of Criminal *593 Procedure, that the defendant give notice of intent to claim alibi. The state also furnished particulars as to the date as is required by the rule. The defendant responded with the appropriate notice of alibi. In both Jackson and Mitchell, the state proved the exact date alleged in the information and statement of particulars, and the defense presented alibi testimony for that date. Regardless of the fact that all the próbf was directed to the specific date alleged, the state requested and the trial judge gave the instruction encompassing the general rule as set forth in State v. Clein and charge 2.09 of the standard jury instructions. Both Jackson and Mitchell found the giving of the instruction under those circumstances to be error and reversed the trial court.
We do not have those circumstances present in this case. The state did not demand that appellant furnish notice of intent to claim alibi pursuant to Florida Rule of Criminal Procedure 3.200. Appellant did not give notice of intent to claim alibi nor did he request a statement of particulars pursuant to Florida Rule of Criminal Procedure 3.140. On the contrary, the appellant’s required response to the discovery furnished by the state contained a witness list which contained no names of witnesses intended to be called by the appellant except that of the appellant himself.
While recognizing and adhering to the exception to the general rule recognized in Jackson and Mitchell, we decline to extend the exception to every case where alibi evidence is presented by a defendant when there has been no notice of alibi by the defendant or statement of particulars by the state.
We, therefore, affirm the trial court.
RYDER, A. C. J., and DANAHY, J., concur.