519 So.2d 686 (1988)
C.B., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-1935.
District Court of Appeal of Florida, Third District.
February 2, 1988.
Bennett H. Brummer, Public Defender, and N. Joseph Durant, Jr., Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark S. Dunn, Asst. Atty. Gen., for appellee.
Before HENDRY, NESBITT and JORGENSON, JJ.
PER CURIAM.
The appellant was found to have committed the offense of attempted burglary of an automobile, § 810.02, Fla. Stat. (1983), as charged in a petition for delinquency. The trial court withheld adjudication and placed the appellant in a program of community control.
The sole point raised on appeal is whether the court erred in denying the appellant's motion for a judgment of acquittal contending the state had failed to prove ownership of the automobile which the appellant was charged with attempting to burglarize.
At the adjudicatory hearing the following testimony relevant to the issue on appeal *687 was presented. The woman who allegedly owned the automobile in question testified that she owned an '81 "Cutlas," white with a blue top, and that she had not given the appellant permission to enter or try to enter the car. She did not state that the car was in the parking lot on the night in question or that it had, in fact, been burglarized. The police officer who initially investigated the situation testified that the car near which he observed the appellant and a companion was a white '81 "Olds"; he did not testify as to the vehicle's identification number or tag number.
We hold that the motion for a judgment of acquittal should have been granted because the evidence as to proof of ownership of the automobile which the appellant was charged with attempting to burglarize was woefully deficient to support the finding that the appellant had committed such attempted burglary. R.D. v. State, 426 So.2d 1293 (Fla.3d DCA 1983); O'Bryan v. State, 359 So.2d 545 (Fla. 4th DCA 1978); State v. Ward, 354 So.2d 125 (Fla. 3d DCA 1978).
We reverse that portion of the trial court's order which found that the appellant had committed the offense of attempted burglary, and remand with directions to enter a judgment of acquittal.
Reversed and remanded.