KLEIN, J.
Appellant was convicted of eleven counts of grand theft as a result of his use of funds while running the City of Belle Glade’s marina, golf course and campground. Because the state did not refute appellant’s explanation in this circumstantial evidence case, which was that even though he had engaged in improper bookkeeping, all of the funds were used to benefit the city, we reverse for a judgment of acquittal.
The theft charges involved the cash proceeds from golf tournaments which were not deposited into the city’s accounts by appellant. The amounts ranged from around $300 to over $2,000. The state’s case consisted of establishing that appellant would take in cash without ringing it up on the register or properly recording it in the books. The state put on no evidence to establish what was done with these funds.
Appellant, who had worked for the city for many years, admitted that he had not followed proper procedures in accounting for cash receipts, but testified that none of the cash was used for his own benefit, and all of it was used for the benefit of the city. He testified that he was told that it was his job to make the facilities he was managing profitable, that he was never properly trained in how to account for the funds, and that he ran things in his own way. Following formal procedures would have prevented him from using the money as he saw fit.
Appellant testified that when the city could not afford new equipment, he used the cash to purchase a used mower, a used machine which picks up golf balls, a microwave, two television sets and a satellite dish, and merchandise including used golf clubs to be sold in the pro shop. He used some of the cash to pay for barbecues to promote the city, to pay for fishing guides for a fishing tournament, to pay employees working in golf tournaments, and to hold functions such as parties for campers, all to benefit the city. Appellant did not document his testimony with more specific proof of his purchases so that all of the cash was accounted for, but he did testify that all of it was spent to benefit the city, not himself. There was independent evidence that the barbecues and parties he testified about did take place, and that the inventory in the golf shop increased.
He testified that if he had been using the city’s purchase order system, he would not have accomplished these things. He had explained this to his superiors and the city manager told him to do whatever he had to do to make the golf club profitable.
The state put on no evidence to contradict appellant’s explanation as to how the funds were expended. Appellant contends that the state failed to negate his reasonable hypothesis of innocence, and that he is entitled to a judgment of acquittal. The state’s response is that it makes no difference how appellant expended the funds, that his convictions for grand theft should stand, even if the funds were used solely to benefit the city. We cannot agree. ■
Theft is defined in section 812.014(1), Florida Statutes (2000) as follows:
(1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit from the property.
(b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.
*802 As is apparent from the statute, theft requires intent. Intent, being a state of mind, is generally established by circumstantial evidence, Jones v. State, 192 So.2d 285 (Fla. 3d DCA 1966). That was the case here. Where the only proof is circumstantial, a conviction cannot stand unless the proof is inconsistent with any reasonable hypothesis of innocence. State v. Law, 559 So.2d 187 (Fla.1989).
In Everett v. State, 831 So.2d 738 (Fla. 4th DCA 2002), the defendant was convicted of exploiting an elderly person, a crime which contains, in addition to other elements, the elements of theft. § 825.103(l)(a), Florida Statutes. The facts in Everett were somewhat similar to the facts in this case, in that Everett had obtained funds from an elderly person without properly accounting for them. She testified in her defense, however, that all of the funds had been spent for the benefit of, or at the direction of, the victim. As in the present case, the state did not refute this explanation. Observing that there was no evidence that the defendant took the money for her own use, nor any evidence inconsistent with her explanation as to what she did with the funds, we concluded that the state failed to present evidence of exploitation which would exclude every reasonable hypothesis except that of guilt.
We agree with the state that its case in chief, which demonstrated that the appellant took in cash without properly showing it on the books, and retained it in his possession, was circumstantial evidence sufficient to prove theft in the absence of any explanation by the appellant as to what he did with the funds. Appellant’s testimony, however, supported a reasonable hypothesis of innocence. Assuming appellant’s testimony was true, and it was not in dispute, appellant was guilty at most of violating city rules, but not guilty of grand theft. Accordingly, as in Everett, we reverse for a judgment of acquittal.
STONE and HAZOURI, JJ., concur.