242 So.2d 723 (1971)
Joey ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. M-258.
District Court of Appeal of Florida, First District.
January 12, 1971.
*724 Louis O. Frost, Jr., Public Defender, and Gerald Sohn, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Horace A. Knowlton, III, Asst. Atty. Gen., for appellee.
SPECTOR, Judge.
Appellant was charged with breaking and entering with intent to commit a felony, grand larceny and assault with intent to commit murder. He was found guilty by a jury of the former charge, but was acquitted of the latter charge.
Appellant's codefendant testified that appellant told her he had to go see someone about a television set, and shortly thereafter they went into a grade school in Jacksonville through a broken window. Another state's witness testified she heard glass breaking, two persons entering the building and later observed two persons coming out carrying a television set which was dropped into a hedge as the police arrived. At that time, appellant and codefendant ran, but the police caught up with the latter who in turn implicated appellant. The television set was recovered and admitted in evidence.
Two points are raised by appellant, viz: (1) the court erred in permitting value testimony by the school security officer as to the stolen television set over defendant's objection, and (2) denial of directed verdict for defendant was error because there was no competent testimony as to the value of the stolen item. The State has rephrased the issues combining them into the solitary question of whether the evidence was sufficient to support the guilty verdict on the count of breaking and entering with intent to commit a felony, grand larceny.
At trial the only evidence produced by the State as to value of the stolen item was given by a school board security officer who had investigated the break-in. He stated that the television set recovered by the police and admitted into evidence was school board property and that according to inventory records the set had been purchased for $115.55 nearly two years earlier. Based upon said initial purchase price, the witness gave his opinion that the set was worth $115.55. The value witness admitted that he had no actual knowledge of the condition of the set at the time it was stolen nor did he have any expertise in the matter of used television set values other than that of initial costs reflected in the school inventory records.
We agree with appellant that the proof is insufficient to establish that he had the intent to commit grand larceny when he broke and entered the schoolhouse. Proof that the object stolen was worth $115.55 when it was originally purchased two years earlier is not proof of its value at the time of theft. In this regard, prosecutors might be well advised to consider using persons having knowledge of the value of used personal property in the market place as value witnesses to eliminate a defect in the evidence found by our courts over the years in this class of case. Lambert v. State, 111 So.2d 68 (Fla.App. 1959). In Todd v. State, 187 So.2d 908 (Fla.App. 1966), the court reversed a conviction of breaking and entering with intent to commit grand larceny where the only proof of value introduced by the prosecution was that the television set stolen from a dwelling had *725 cost $135 when acquired two years earlier. Commenting on the State's failure to prove that the defendant in Todd intended to commit grand larceny after breaking and entering the subject premises, the court stated at page 909:
"The defendant was not apprehended while in the dwelling, and the fact that he left the premises after having taken property which was not shown to have a value of $100 or more, is reason to infer that the breaking and entering was with intent to take that which was taken, rather than that the entry was with intent to take property of the value of $100 or more. Moreover, the latter assumption would be out of place here because the evidence did not show the personal property on the premises, or its value."
In the case at bar, the only evidence of what appellant intended to take upon breaking into the school was his statement to the codefendant that he had to go see someone about a television and, in addition, evidence concerning the value of what was actually taken. Evidence as to the latter was insufficient to support intent to commit grand larceny. Nor was there evidence that there was extensive property located in the school that was valued at more than $100 and that appellant intended to take as much of it as he could, as might be inferable by breaking and entering a jewelry store or similar establishment. Williams v. State, 101 So.2d 877 (Fla.App. 1958).
For the reasons stated, the judgment is reversed and the cause is remanded with directions to the trial court to enter judgment and sentence on the lesser included offense, breaking and entering with intent to commit petit larceny. Section 924.34, Florida Statutes Annotated.
JOHNSON, C.J., and WIGGINTON, J. concur.