248 So.2d 526 (1971)
James William RUMPH, Appellant,
v.
STATE of Florida, Appellee.
No. N-405.
District Court of Appeal of Florida, First District.
June 1, 1971.
Louis O. Frost, Jr., Public Defender, and Gerald Sohn, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Michael J. Minerva, Asst. Atty. Gen., for appellee.
CARROLL, DONALD K., Judge.
The appellant was tried for and convicted of the crime of breaking and entering with the intent to commit grand larceny, and has appealed from his judgment of conviction and sentence, entered by the Duval County Criminal Court of Record, based upon a jury verdict.
The basic question presented for our determination in this appeal is whether the evidence at the trial was sufficient to support the conviction  particularly the evidence of the value of the property which the appellant intended to steal.
Before detailing such evidence here, we shall first discuss the decisional law of this state as to the principles to be applied in order to determine whether the proof is sufficient to establish an intent to commit grand larceny or only petit larceny.
Section 810.01, Florida Statutes, F.S.A., makes it a crime to break and enter a dwelling with intent to commit a felony. Section 811.021 defines larceny and declares that, if the property stolen is of the value of $100 or more, the offender shall *527 be guilty of grand larceny, which crime is punishable by imprisonment in the state penitentiary and hence is a felony under Section 775.08.
In its appellate brief the state relies heavily upon the decision of the Supreme Court of Florida in Walker v. State, 44 Fla. 466, 32 So. 954 (1902), in which that court upheld a conviction of breaking and entering with intent to commit a felony, larceny of property in excess of $20 (then the lower limit of grand larceny), even though the defendant in fact stole nothing, the court saying:
"The jury were required to determine from the evidence, without the aid of the presumption created by that statute, the value of the property intended to be stolen. The conduct of the defendant while in the house evidenced a design to steal all the money or other valuables which he evidently thought he could find in the bureau and washstand drawers, under the bedclothes, or in the wearing apparel of Holloman, and authorized the jury to find that he intended to steal property exceeding in value $20. The fact that he found none, or less than he might have supposed he would find, could not alter the original intent, nor make his act less criminal than it would have been had he found all he supposed he would find."
On the other hand, the appellant places great reliance upon the more recent decision of our Supreme Court in Jalbert v. State, 95 So.2d 589 (Fla., 1957), in which that court stated:
"In the instant case it does not appear why the defendant took only the property he did. It does not appear from the record that some circumstance prevented him from carrying out a purpose to take more. We are of the view that the principle of the Rebjebian v. State case, Fla., 44 So.2d 81, supra, does not govern this case. We cannot say that merely because there was in the dwelling personal property worth in excess of $50 the defendant intended to steal more than he did. In the absence of other evidence or circumstances, the best evidence of what he intended to steal is what he did steal. Since no proof of value of the tray and microphone was offered, we cannot assume they were of a value equal to or in excess of $50. In the Rebjebian case the circumstances strongly indicated the thief entered the dwelling only to take the jewelry of the value of $20,000. In the instant case no evidence indicated that the defendant intended to take more than he did."
At first readings the rules recognized in the above Walker and Jalbert cases may appear to be somewhat inconsistent, but we are convinced, upon an in-depth consideration of the factual settings of those two cases and of other Florida decisions, that Walker and Jalbert are in essence quite compatible and lay down sufficient guidelines to help in the determination of the intent of an accused to commit grand or petit larceny when he broke and entered a building.
Our "Shepardization" of the Walker and Jalbert cases shows that, since the filing of the latter opinion in 1957, the Walker case has never been cited and relied upon in any Florida appellate decision as to the question before us, but, in fairness, we must observe that Walker has not been repudiated, distinguished, or directly receded from. On the other hand, Jalbert has been frequently cited and relied upon in Florida appellate decisions.
We think that the key to the reconcilement of the Walker and Jalbert decisions lies in the following words in the Jalbert opinion: "In the absence of other evidence or circumstances, the best evidence of what he intended to steal is what he did steal." (Emphasis supplied) Such "other evidence or circumstances" were evidently present in the Walker case, for the Supreme Court therein stated: "The conduct of the defendant while in the house evidenced a design to steal all the money or other valuables *528 which he evidently thought he could find in the bureau and washstand drawers, under the bedclothes, or in the wearing apparel of Holloman [the victim]. * * *"
In several decisions of the district courts of appeal of this state, those courts have evidently interpreted the Jalbert decision substantially as we do here. The following decisions of those courts are examples of this:
In Channell v. State, 107 So.2d 284 (Fla.App. 1958), the defendant was charged with breaking and entering a dwelling house with intent to commit grand larceny. The defendant was seen in, and leaving, the house. He fled and was pursued. There was no evidence that he took anything and no evidence of the value of the contents of the house. The Second District Court of Appeal inferred an intent on the defendant's part to take something and relied on Jalbert to sustain the sufficiency of the evidence of breaking and entering with intent to commit petit larceny, not grand larceny. To the same effect, see that court's decision in Scott v. State, 137 So.2d 625 (Fla.App. 1962), in which the Second District Court of Appeal said: "Intent, being a state of mind, is not subject to direct proof and can only be inferred from circumstances."
In Todd v. State, 187 So.2d 908 (Fla. App. 1966), the defendant was convicted of grand larceny and breaking and entering with intent to commit grand larceny. The Third District Court of Appeal reversed the grand larceny conviction for lack of evidence as to value and also reversed the conviction for breaking and entering with intent to commit grand larceny, saying:
"The defendant was not apprehended while in the dwelling, and the fact that he left the premises after having taken property which was not shown to have the value of $100 or more, is reason to infer that the breaking and entering was with intent to take that which was taken, rather than that the entry was with intent to take property of the value of $100 or more. Moreover, the latter assumption would be out of place here because the evidence did not show the personal property on the premises, or its value."
On the other hand, the Third District Court of Appeal reached an opposite conclusion in Miller v. State, 220 So.2d 652 (Fla.App. 1969), saying:
"We have examined the defendant's second point for reversal and find that there was substantial, competent evidence in the record to sustain the judgment of conviction. Furthermore, while we do not necessarily find any inconsistency between an adjudication of entering with the intent to commit grand larceny and an adjudication finding that only petty larceny was consummated, any such inconsistency would not compel reversal. Harrell v. State, Fla.App. 1967, 194 So.2d 306; Goodwin v. State, 157 Fla. 751, 26 So.2d 898 (1946); and State v. Trafficante, Fla.App. 1961, 136 So.2d 264."
In our recent case of Adams v. State, 242 So.2d 723 (Fla.App. 1971), the defendant was convicted of breaking and entering with intent to commit grand larceny. A co-defendant testified that the defendant had told her that he had to see someone about a television set, and they subsequently entered a grade school building. Witnesses saw two persons leaving the said building with a television set. The police arrived at the scene while the defendant was still there, and he fled and dropped the television set nearby. Because of the insufficiency of the evidence to show the present value of the television set, we reversed the judgment of conviction. We further said:
"In the case at bar, the only evidence of what appellant intended to take upon breaking into the school was his statement to the codefendant that he had to go see someone about a television and, in addition, evidence concerning the value of what was actually taken. Evidence as *529 to the latter was insufficient to support intent to commit grand larceny. Nor was there evidence that there was extensive property located in the school that was valued at more than $100 and that appellant intended to take as much of it as he could, as might be inferable by breaking and entering a jewelry store or similar establishment. Williams v. State, 101 So.2d 877 (Fla.App. 1958)."
With reference to the evidence in this Adams case, supra, we also said:
"Proof that the object stolen was worth $115.55 when it was originally purchased two years earlier is not proof of its value at the time of theft. In this regard, prosecutors might be well advised to consider using persons having knowledge of the value of used personal property in the market place as value witnesses to eliminate a defect in the evidence found by our courts over the years in this class of case. * * *"
In the light of the foregoing Florida decisions, we conceive the following to be a fair statement of the rule prevailing in this state on the present subject: When a person is charged with breaking and entering with intent to commit grand larceny, an essential element of that offense is his intent at the time of his breaking and entering to commit grand larceny (that is, to steal property of the value of $100 or more), which element must be proven at the trial. While, in the absence of "other evidence or circumstances," the best evidence of his intent is what he did steal, nevertheless, his said intent may be proven by such other evidence or circumstances.
Applying this rule to the evidence at the trial in the case at bar, we find that the following evidence was presented pertinent to the issue of the value of the articles stolen by the appellant:
On the night in question a city police officer, while in his patrol car, stopped the appellant's automobile in the area where the breaking and entering had occurred. An officer with the sheriff's department saw a record player, a record player stand, assorted women's clothing, and a rifle in the rear of the appellant's automobile after it was stopped. After the appellant was arrested, he tried to hide some cuff links, a watch, a ladies' wrist watch, and other items.
The victim, whose home was broken into, identified several items in the appellant's automobile that had been stolen from her home, including a white sweater, a three-piece suit, a stereo, and a watch. She estimated the value of the sweater to be eight dollars and stated that she had paid some $140 or one hundred and something for the watch but she had had it for a pretty good while and gave no estimate of its present value. She estimated that the three-piece suit was worth $16, and that she bought the stereo in 1967 (about three years before the trial) but had no opinion as to the value of the stereo at the time of the breaking and entering (March 12, 1969).
Accepting the testimony of the victim as to the value of her sweater ($8) and her three-piece suit ($16) at time of the breaking and entering, we still have $76 (of the minimal $100 value required by the present statute for grand larceny) yet to be proven. We cannot find in the record before us sufficient "evidence or other circumstances" of the needed $76 value in order to support the jury's finding in the present case that, when the appellant broke and entered the victim's home, he had the intent to commit grand larceny.
Therefore, the judgment appealed from herein must be, and it is, reversed and the cause is remanded with directions to enter a judgment (as we did in the Adams case, supra) of conviction of the lesser included offense of breaking and entering with intent to commit petit larceny, and with *530 directions to re-sentence the appellant accordingly.
It is so ordered.
WIGGINTON, Acting C.J., and RAWLS, J., concur.