274 So.2d 6 (1973)
Ernest WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 72-581.
District Court of Appeal of Florida, Fourth District.
February 28, 1973.
*7 Charles W. Willits, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Andrew I. Friedrich, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Appellant was charged in a two count information with (1) breaking and entering with intent to commit a felony, to-wit: grand larceny, and (2) grand larceny. By jury verdict he was found guilty of the first count, and also guilty of petit larceny as a lesser offense of the second count.
Appellant contends that the evidence was insufficient to permit the jury to infer that he had the requisite intent to commit grand larceny when he broke and entered the dwelling. Appellant's position is well taken. The evidence established that appellant was apprehended shortly after he had left the premises, at which time he had in his possession a color television set, a camera, and a portable radio, all of which had been stolen from the dwelling. However, the State offered no evidence to establish that this property had a value of $100.00 or more at the time of the taking, an essential element of grand larceny. Spencer v. State, Fla.App. 1968, 217 So.2d 331. Beyond being apprehended "red-handed" with the stolen property, there was no other evidence or circumstances bearing on the question of appellant's intent. In such cases it has been said that the best evidence of his intent is what he did steal. Rumph v. State, Fla.App. 1971, 248 So.2d 526.
We conclude on the basis of Rumph v. State, supra; Adams v. State, Fla.App. 1971, 242 So.2d 723, and Todd v. State, Fla.App. 1966, 187 So.2d 908, that the evidence was insufficient to sustain the conviction of the crime of breaking and entering with intent to commit a felony, and that a judgment of guilt should be entered as to the lesser included crime of breaking and entering with intent to commit a misdemeanor, to-wit: petit larceny.
The certified copy of judgment and sentence reflects that after appellant was adjudged guilty of the crime of breaking and entering with intent to commit a felony and sentenced accordingly, the following language appears:
"At this time, a judgment of guilty was entered herein as to Count Two, but the defendant was not sentenced as to Count Two in conformance with 4th District Court of Appeals Opinion filed on April 30, 1971 (Lietch v. State)... ."
The judgment of guilty as to count two is misleading (if not erroneous) since count two of the information charged grand larceny, whereas the jury by its verdict found appellant guilty of petit larceny. Furthermore, the trial court's reliance upon the case of Lietch v. State, Fla.App. 1971, 248 So.2d 203, as justification for failure to sentence appellant on the separate conviction of petit larceny was misplaced. The Lietch case involved merely different facets of the same criminal transaction. That is inapposite to this case. The crime of breaking and entering with intent to commit a specified felony or misdemeanor, and the crime of having committed or having attempted to commit the same specified felony or misdemeanor, are two separate and distinct substantive offenses. State v. Conrad, Fla.App. 1971, 243 So.2d 174.
The judgment on each count is reversed and the sentence on count one is vacated, and this cause is remanded for entry of judgment and sentence on each count consistent herewith.
Reversed and remanded.
REED, C.J., and CROSS, JJ., concur.