PER CURIAM.
Charged by information in one count with breaking and entering a dwelling with intent to commit grand larceny, and in a second count with grand larceny, on trial before the court without a jury the appellant was convicted on the first count, and found guilty on the lesser offense of petit larceny on the second count. He filed this appeal from the judgment and sentence thereon.
The appellant was seen in the victim’s apartment, by a person making a delivery there. The television set and some sweaters were on the floor near the open door. The appellant accepted the delivery, and re-entered the apartment. The person later saw appellant leave on a bicycle, carrying the television set and the sweaters. The person followed in his truck. The appellant dropped the television set and one of the sweaters, and proceeded to a restaurant which was some distance away. The person followed the appellant to the restaurant, and saw the appellant drive therefrom in an automobile. The person obtained the license number, and upon encountering the police gave them the number. At the trial the state failed to prove that the television set and sweaters taken were of the value of $100 or more.
*558 The appellant contends that the trial court committed reversible error by-denying his request for a pre-sentencing investigation. The judgment of conviction was entered on May 5, 1972. At that time the matter of ordering a pre-sentencing investigation was one within the discretion of the court. Clarke v. State, Fla.App.1970, 230 So.2d 486. Here prior to sentencing, a hearing was had in which matters bearing on mitigation and extenuation were presented for the court’s consideration. No error was committed by the trial court in denying the defendant’s motion for pre-sentencing investigation.
We reject as unsound the contention of the appellant that the evidence was insufficient to sustain conviction on the charge of breaking and entering the dwelling with intent to commit grand larceny. See Miller v. State, Fla.App.1969, 220 So.2d 652.
The appellant cited White v. State, Fla.App.1973, 274 So.2d 6, recently decided by the fourth district. In that case a defendant faced similar charges, and was similarly convicted. In reversing, the court regarded the evidence to be insufficient to establish that the breaking and entering was with intent to commit grand larceny, where it appeared that shortly after the defendant had left the premises he was found to have in his possession a number of articles of personal property which had been taken from the dwelling, but as to which the state did not present evidence that the value of the items taken was $100 or more. In reaching that conclusion the Court in White cited Rumph v. State, Fla.App.1971, 248 So.2d 526, for the proposition that “In such cases it has been said that the best evidence of his intent is what he did steal.” We note that in Rumph v. State, supra, in referring to the element of intent to commit grand larceny the court stated: “While, in the absence of ‘other evidence or circumstances,’ the best evidence of his intent is what he did steal, nevertheless, his said intent may be proven by such other evidence or circumstances.”
Where one breaks and enters a dwelling and comes out with a television set, absence of proof of its value, or the fact, if such be the fact, that the value of the television set was less than $100, should not necessarily require a holding that the breaking and entering was without intent to commit grand larceny, particularly, as said in Rumph, when there are other circumstances bearing on intent.
In this case there were other circumstances of that character, and in our view the evidence was sufficient to support the conviction on the first count.
No reversible error having been shown the judgment is affirmed.