289 So.2d 396 (1974)
Alberto GUERRERO, Petitioner,
v.
STATE of Florida, Respondent.
No. 44452.
Supreme Court of Florida.
January 23, 1974.
Phillip A. Hubbart, Public Defender, and Mark King Leban, Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and Linda C. Hertz, Asst. Atty. Gen., for respondent.
CARLTON, Chief Justice:
Petitioner seeks certiorari review of a decision of the District Court of Appeal, Third District, reported at 281 So.2d 557, which affirmed his conviction of petit larceny and breaking and entering a dwelling with intent to commit grand larceny. The petition reflected probable jurisdiction in *397 this Court based upon a conflict between the instant decision and White v. State, 274 So.2d 6 (4th DCA Fla. 1973); Rumph v. State, 248 So.2d 526 (3rd DCA Fla. 1971); Adams v. State, 242 So.2d 723 (1st DCA Fla. 1971); Todd v. State, 187 So.2d 908 (3rd DCA Fla. 1966); and Channell v. State, 107 So.2d 284 (2nd DCA Fla. 1958). Florida Constitution, Article V, Section 3 (b)(3), F.S.A. We issued the writ and dispensed with oral argument pursuant to Florida Appellate Rule 3.10(e), 32 F.S.A. After receiving briefs on the merits from the parties and carefully examining the record of the case, we are of the opinion that there is conflict sufficient to invoke our certiorari jurisdiction and that the District Court must be reversed in part.
The facts of this case are recited in the District Court opinion:
"Charged by information in one count with breaking and entering a dwelling with intent to commit grand larceny, and in a second count with grand larceny, on trial before the court without a jury the appellant was convicted on the first count, and found guilty on the lesser offense of petit larceny on the second count. He filed this appeal from the judgment and sentence thereon.
"The appellant was seen in the victim's apartment, by a person making a delivery there. The television set and some sweaters were on the floor near the open door. The appellant accepted the delivery, and re-entered the apartment. The person later saw appellant leave on a bicycle, carrying the television set and the sweaters. The person followed in his truck. The appellant dropped the television set and one of the sweaters, and proceeded to a restaurant which was some distance away. The person followed the appellant to the restaurant, and saw the appellant drive therefrom in an automobile. The person obtained the license number, and upon encountering the police gave them the number. At the trial the state failed to prove that the television set and sweaters taken were of the value of $100 or more.
......
"We reject as unsound the contention of the appellant that the evidence was insufficient to sustain conviction on the charge of breaking and entering the dwelling with intent to commit grand larceny. See Miller v. State, Fla.App. 1969, 220 So.2d 652.
"The appellant cited White v. State, Fla.App. 1973, 274 So.2d 6, recently decided by the fourth district. In that case a defendant faced similar charges, and was similarly convicted. In reversing, the court regarded the evidence to be insufficient to establish that the breaking and entering was with intent to commit grand larceny, where it appeared that shortly after the defendant had left the premises he was found to have in his possession a number of articles of personal property which had been taken from the dwelling, but as to which the state did not present evidence that the value of the items taken was $100 or more. In reaching that conclusion the Court in White cited Rumph v. State, Fla.App. 1971, 248 So.2d 526, for the proposition that `In such cases it has been said that the best evidence of his intent is what he did steal.' We note that in Rumph v. State, supra, in referring to the element of intent to commit grand larceny the court stated: `While, in the absence of "other evidence or circumstances", the best evidence of his intent is what he did steal, nevertheless, his said intent may be proven by such other evidence or circumstances.'
"Where one breaks and enters a dwelling and comes out with a television set, absence of proof of its value, or the fact, if such be the fact, that the value of the television set was less than $100, should not necessarily require a holding that the breaking and entering was without intent to commit grand larceny, particularly, as said in Rumph, when there are other circumstances bearing on intent. *398 "In this case there were other circumstances of that character, and in our view the evidence was sufficient to support the conviction on the first count."
The District Court has properly recognized the correct rules of law as stated in the cases cited for conflict. The court, however, improperly applied those rules of law to the facts of this case. It is this misapplication of the law which vests our certiorari jurisdiction. Spivey v. Battaglia, 258 So.2d 815 (Fla. 1972); McBurnette v. Playground Equipment Corporation, 137 So.2d 563 (Fla. 1962); Pinkerton-Hays Lumber Co. v. Pope, 127 So.2d 441 (Fla. 1961).
In all five of the cases cited for conflict, convictions for breaking and entering with intent to commit grand larceny were reversed and judgments were directed to be entered for convictions of breaking and entering with intent to commit petit larceny. In all five cases, the reason for the reduction was that there was no evidence of any circumstances, other than the value of property actually taken, to prove that the defendants actually intended to take property of sufficient value as to constitute grand larceny.
In Channell v. State, supra, the defendant actually took nothing; but he was seen leaving the dwelling house involved and there was testimony that there was property in the house and that a maid had heard a noise like a closet door and dresser drawers being opened and closed. The District Court of Appeal, Second District, held that:
"... It could reasonably be inferred from the circumstances and from the testimony that the breaking and entering was with the intent to take personal property of some value." (Emphasis added)
The Court held, however, that the evidence was insufficient to establish that the value of the property intended to be taken exceeded the amount necessary to constitute grand larceny.
In the instant case there were also circumstances proven which indicated that petitioner intended, when he entered the house, to take property of some value. As in the cases cited for conflict, however, none of those circumstances would support a reasonable inference that petitioner, when he entered the house, intended to take more than what he actually did take. The District Court opinion detailed all of the circumstances proven at trial relevant to petitioner's intent; the record shows nothing further. Therefore, the facts of this case do not support the District Court's conclusion that the evidence, under the applicable rules of law, was sufficient to support petitioner's conviction for breaking and entering with intent to commit grand larceny.
The District Court is reversed to that extent, and this cause is remanded with directions to enter a judgment of conviction for breaking and entering with intent to commit petit larceny and to re-sentence petitioner accordingly.
It is so ordered.
ROBERTS, ERVIN, ADKINS, and BOYD, JJ., concur.