291 So.2d 96 (1974)
George H. PLATT, Appellant,
v.
STATE of Florida, Appellee.
Dennis HUMPHRIES, Appellant,
v.
STATE of Florida, Appellee.
Nos. 72-655, 72-545.
District Court of Appeal of Florida, Second District.
March 6, 1974.
*97 James A. Gardner, Public Defender, and Elliott C. Metcalfe, Jr., Asst. Public Defender, Bradenton, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and David Luther Woodward, Asst. Atty. Gen., Tampa, for appellee.
MANN, Chief Judge.
Appellants were convicted on two counts of breaking and entering with intent to commit grand larceny and have appealed. First they argue that their absence from trial nullifies their conviction as violative of due process, secondly, they assert that evidence adduced to establish the value of the property which appellants intended to steal is insufficient to support a verdict of breaking and entering with intent to commit grand larceny.
Appellants' argument that their conviction is invalid pursuant to State v. Melendez, Fla. 1971, 244 So.2d 137, because the trial proceeded on the second day in their absence, is clearly specious. CrPR 3.180(b), 33 F.S.A. provides:
"If the defendant is present at the beginning of the trial and shall thereafter, during the progress of said trial, or before the verdict of the jury shall have been returned into court, voluntarily absents (sic) himself from the presence of the court without leave of court, the trial of the cause or the return of the verdict of the jury in the case shall not thereby be postponed or delayed, but the trial, the submission of said case to the jury for verdict, and the return of the verdict thereon shall proceed in all respects as though the defendant were present in court at all times."
The record shows that both defendants knew of the proceedings, that at least one of them was in the courthouse earlier that morning and the other had talked over the phone with his counsel. The trial judge properly proceeded in their absence. Melendez is, in fact, authority for affirmance. There a conviction was upheld. The defendant was not notified of the trial date but waived objection to his counsel's participation in jury selection in his absence.
Appellant Platt next urges this court to overturn his conviction because the evidence of the value of the stolen property was insufficient to establish that value at more than $100 and therefore could not support a finding that their intent was to commit grand larceny. Although Platt cites abundant authority for the proposition that a conviction for grand larceny can only be sustained where the stolen property has been shown to have a market value at the time of taking of over $100, we think he misconceives the state of the law. Judge Donald Carroll, in Rumph *98 v. State, Fla.App.1st 1971, 248 So.2d 526, analyzes appellant's authority and concludes with an accurate summarization of the law:
"When a person is charged with breaking and entering with intent to commit grand larceny, an essential element of that offense is his intent at the time of his breaking and entering to commit grand larceny (that is, to steal property of the value of $100 or more), which element must be proven at the trial. While, in the absence of `other evidence or circumstances,' the best evidence of his intent is what he did steal, nevertheless, his said intent may be proven by such other evidence or circumstances." (emphasis supplied)
Platt therefore misses the mark when he contends that a requisite to a conviction of breaking and entering with intent to commit grand larceny is that the property stolen must be shown to be of a market value of $100 or more. Intent is the crucial element and may be shown either by evidence of the market value of what was actually stolen or by "other evidence or circumstances."
For example, in Walker v. State, 1902, 44 Fla. 466, 32 So. 954, the Supreme Court of Florida upheld a conviction of breaking and entering with intent to commit grand larceny, even though the defendant in fact stole nothing, because "the conduct of the defendant while in the house evidenced a design to steal all the money or other valuables which he evidently thought he could find..., and authorized the jury to find that he intended to steal property exceeding in value $20." Similarly, in Rebjebian v. State, Fla. 1949, 44 So.2d 81, the court found that the surrounding circumstances warranted a finding that the thief entered the dwelling only to take certain jewelry valued at $20,000, even though he was apprehended in the dwelling before taking anything.
While this case was under consideration, the Supreme Court of Florida decided Guerrero v. State, 289 So.2d 396, Opinion filed January 23, 1974, reversing Guerrero v. State, Fla.App.3d 1973, 281 So.2d 557. Mr. Chief Justice Carlton's opinion for the Supreme Court points out clearly why we sustain the higher conviction in one of these burglaries and reverse it as to the other.
"In all five of the cases cited for conflict, convictions for breaking and entering with intent to commit grand larceny were reversed and judgments were directed to be entered for convictions of breaking and entering with intent to commit petit larceny. In all five cases, the reason for the reduction was that there was no evidence of any circumstances, other than the value of property actually taken, to prove that the defendants actually intended to take property of sufficient value as to constitute grand larceny."
In the case now under consideration, a comparison of the two burglaries will show meaningful distinctions which prosecutors must keep in mind in these cases. Let us consider first the Tolles Ready Mix burglary. We find the evidence on this count adequate but accidental. Far too much time was consumed in the trial court on the question of value, counsel for opposite sides arguing two entirely different questions. Defense counsel correctly asserted that the criterion was market value at the time of the theft. The prosecutor responded that the owner could testify as to value. Both are correct. There is utterly no inconsistency in these positions but there does have to be a recognition that the standard of value is market value at the time of the theft. There are some cases in which there is simply no recognition of that standard. One of these is Miller v. State, Fla.App.2d 1968, 212 So.2d 388. In that case the property stolen included a "stereo, two TV's, a Hallicrafter ship-to-shore radio, a watch, and some records." *99 The only testimony as to value is as follows:
"Q. All right. And what value did you place on all this?
A. Eight hundred.
Q. Eight hundred dollars?
A. (witness nodded affirmatively)."
In the Miller case, the articles stolen, while initially expensive, may have been quite old and of relatively little value at the time of the crime. If the prosecutor had not accidentally proved value in this case he would be in the same predicament. He elicited from the victim of the offense, for example, the value of a large air impact wrench. Mr. Tolles testified that it was "between $700 and $750." Asked what he based that on, his answer was, "that's what we paid for it when it was new." The prosecutor never came to grips with the question of market value, and a little later on elicited a valuation which the witness described as "the cost of a new one to replace this one would be in excess of $400, so I would say around, if you depreciated half-way I would say that would be fair." Twenty-seven transcript pages later, the prosecutor asked, "But when you were giving me these figures, you were giving me their value to you or to someone else's book value?" The answer was, "I am using what I think it would cost me to go out and buy a used one." That one answer is the only statement in this record indicating a reference to market value at the time of the theft. We need not determine whether it is sufficient. We think on the totality of the record in this case, including testimony that the cost of the articles stolen was well in excess of $1,000 and that one single article which was fairly new had cost $750 within the past few months, we can declare beyond a reasonable doubt that the intent of Platt and Humphries respecting Tolles Ready Mix was to steal goods valued at well in excess of $100. We deem it necessary to point out however, that value in larceny cases is not cost or book value or sentimental value nor is it replacement cost. It is plainly and simply the market value at the time of the theft. It is entirely permissible to use the owner as a witness to establish this value, but it is essential to recognize the standard and to adduce proof of market value.
Turning now to the break-in at Lindsley Industries, the manager testified that his personal tool box and his cutting torch were missing. There is no testimony whatever with respect to the contents of the building which might have determined the intent of the burglars. Testimony on value was as follows:
"Q All right. Mr. Clendenen, would you tell us the value of those tools on that date.
A Approximately one hundred seventy to one hundred eighty dollars.
......
Q Anything else missing from the office that you can determine?
A My pipe wrench, twenty-four inch pipe wrench.
Q What was the value of that pipe wrench?
A Probably eight to ten dollars."
Later the prosecution inquired about the original cost of the tools. He then asked:
"Then your opinion was strictly a guess?
A My opinion of my value of my tools was over a period of years of adding to those tools. I know approximately what some of them would cost me and I valued it at that much money."
On cross examination, he stated that he based his estimate of value on "cost and replacement, both, if I would have gone and replaced them right now, it would have cost me that or more." Nowhere did the prosecutor recognize the weakness of his proof and make any effort to relate the *100 testimony as to value to present market value. Consequently, the Lindsley burglary is not shown to have been with felonious intent although with more attention to the prosecutor's burden it might have been. The vice here is the same as that in Miller, supra.
The evidence in the instant case is sufficient on one count and insufficient on the other to support findings of intent to commit grand larceny. Dwellings, like those involved in cases reversing convictions for breaking and entering with intent to commit grand larceny because of insufficient evidence establishing the present value of the property stolen, were not the subject of the burglary in this case. See, Channell v. State, Fla.App.2d 1958, 107 So.2d 284; Todd v. State, Fla.App.3d 1966, 187 So.2d 908; Miller v. State, Fla.App.2d 1968, 212 So.2d 388. As stated by the First District Court of Appeal in Adams v. State, 1971, 242 So.2d 723, directing the lower court to enter judgment of breaking and entering to commit petit larceny because the evidence was insufficient to support a finding of intent to commit grand larceny:
"Nor was there evidence that there was extensive property located in the school that was valued at more than $100 and that appellant intended to take as much of it as he could, as might be inferable by breaking and entering a jewelry store or similar establishment." (emphasis supplied)
The burglar who enters to steal a diamond worth thousands and leaves with a $98 imitation is guilty of breaking and entering with intent to commit grand larceny. Clearly Platt and Humphries had grand larceny in mind, and the magnitude of that intent shows through its clumsy presentation as to one of these two charges and falls short on the other.
For some reason unexplained by the record, the trial judge adjudicated Platt guilty of breaking and entering with intent to commit a felony on both counts. The judgment entered in Humphries' case finds him guilty of breaking and entering with intent to commit a misdemeanor. The sentence as to each count for each appellant was five years, imposed consecutively as to Humphries but mitigated to run concurrently. As to Platt, the sentences were initially imposed to run concurrently. The judgment of conviction of breaking and entering with intent to commit a felony on count II as to the appellant Platt is reduced pursuant to Fla. Stat. § 924.34 (1971), F.S.A. to breaking and entering with intent to commit a misdemeanor. In all other respects, the judgments and sentences are affirmed, subject to the right of the appellant Platt to petition the court for reconsideration of sentence in the light of this opinion. The imposition of a five year sentence on the lesser offense as to Humphries and the ordering of the sentences to run concurrently would indicate to us that in the absence of special circumstances it will not be necessary to transport the appellant to the trial court before resentencing.
Affirmed in part, reversed in part and judgment reduced.
HOBSON and BOARDMAN, JJ., concur.