MANN, Chief Judge.
There are two questions in this appeal, one of which we have recently answered in Platt v. State, Fla.App.2d 1974, 291 So.2d 96, Opinion filed March 6, 1974. Here as in the Platt case, there was a question whether the proof of value of articles stolen is sufficient to support a conviction of breaking and entering with intent to commit grand larceny. As in the Platt case there was no satisfactory recognition of the burden of the prosecution to prove the felonious intent of the defendant and, as in the Platt case, this conviction is rescued from reversal by sheer accident. The property stolen included a typewriter which cost approximately $300 and was delivered on the day of the burglary. In addition, a check writer and some checks were missing. We hold that the evidence in this case established beyond any reasonable doubt that the value of the property stolen was in excess of $100 and that the felonious intent is established in spite of the prosecution’s failure to acknowledge its burden of proof.
In due course some of the stolen checks were filled in payable to Michael L. Sharp, and cashed at a Publix supermarket, to which they were returned when the forgery was discovered. The objection was made that this was an impermissible use of evidence of other crimes. We. disagree. This is the sort of case the Williams rule[1] contemplates. The possession of recently stolen property bearing on the original burglary which was charged in this case is admissible to prove the main offense. Only one fleeting mention of forgery was made, and that offense did not become a feature of the trial on this one. It is always helpful in these cases, of course, if the trial judge instructs the jury that the purpose of introducing evidence of another crime is to prove some fact at issue in the present trial. We think the procedure made mandatory for Louisiana courts in State v. Prieur, La.1973, 277 So. 2d 126, goes far to clarify many of the problems which come up in connection with Williams rule testimony. In this case, however, the evidence of the extraneous offense is necessarily involved in the proof of the one for which the defendant was tried. The record being without error, the judgment and sentence are
Affirmed.
HOBSON and BOARDMAN, JJ., concur.

. Williams v. State, Fla.1959, 110 So.2d 654.