JOHNSON, Judge.
By these consolidated appeals, appellants challenge their convictions, entered pursuant to jury verdicts, for breaking and entering a Burger King restaurant with intent to commit a felony, to wit: grand lar *49 ceny, as charged by Count II of the information, and ten year sentence therefor, said sentence to run consecutively to a fifteen year sentence imposed for the breaking and entering of a Shell service station with the intent to commit a felony, to wit: grand larceny, as charged by Count I of the information.
We have carefully considered the record on appeal and the briefs and oral arguments presented by the parties herein. It is our conclusion that there was insufficient evidence to support the jury’s verdict, and judgment entered thereon, as to Count II of the informations charging appellants with the breaking and entering of the Burger King with intent to commit a felony.
When a person is charged with breaking and entering with intent to commit grand larceny, an essential element of that offense is his intent at the time of his breaking and entering to commit grand larceny (that is, to steal property of the value of $100.00 or more), which element must be proven at the trial. Rumph v. State, 248 So.2d 526 (Fla.App. 1st, 1971). The intent to steal property of the value of $100.00 or more will not be presumed from the mere act of the unlawful breaking and entering.
Here, the record of the proceedings below is devoid of testimony or evidence relating to the value of the contents of the Burger King restaurant or to the value of the goods which appellants intended to steal, if any, from said restaurant. While there was in the restaurant a safe upon which the handle had been broken, there was no evidence as to the amount of money, if any, in said safe on the night in question. In fact, there was no evidence whatsoever as to the value of the contents of the restaurant. It is contended by the appellee State that the jury could logically infer that the breaking and entering of the Burger King was done with the intent to commit grand larceny from the testimony given regarding what happened and what was taken on the same night by appellants at the Shell service station. We do not agree, and feel that this argument constitutes a non sequitur. While intent may be shown from circumstances other than that which was actually taken or sto-. len, there is no evidence or other circumstances whatsoever showing the needed minimal $100.00 value required by the present statute for grand larceny. In the absence of such evidence, circumstantial or otherwise, specific intent, an indispensable ejement of the offense charged, cannot be established.
There being no evidence as to any property actually taken from the Burger King by appellants and no evidence as to the value of the contents of the restaurant, the convictions for breaking and entering the Burger King with intent to commit a felony (grand larceny) are reversed. The cause is remanded with directions to enter judgments of conviction (on the offense charged by County II of the informations) of the lesser included offense of breaking and entering with intent to commit a misdemeanor (petit larceny) and with directions to resentence appellants for said offense accordingly. It will not be necessary to bring the appellants back before this Court for this new sentencing.
It is so ordered.
RAWLS, C. J., and McCORD, J., concur.