305 So.2d 285 (1974)
Ronald T. BEASLEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-735.
District Court of Appeal of Florida, Third District.
December 31, 1974.
Phillip A. Hubbart, Public Defender, and Mark King Leban, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Stephen Nagin, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., HENDRY, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The appellant was tried basically for a single breaking and entering. Technically, *286 the state charged him with breaking and entering with intent to commit grand larceny, and in a second count with grand larceny.
But, as the trial progressed the state attempted to try the appellant not for one breaking and entering, but for four, all occurring within the City of Coral Gables. The state actually presented witnesses on two collateral break-ins, and the record heavily consists of this testimony.
The state insists that the evidence adduced on these other crimes was relevant to prove identity or a criminal course of conduct, and thus falls within the rule enunciated in Williams v. State, Fla. 1959, 110 So.2d 654.
We think the state's argument is without merit. First, the record reveals that the state produced testimony that a fingerprint was lifted from a vase in the home which the appellant was accused of breaking into in the information.
An identification expert testified that the fingerprint matched that of the appellant's right middle finger.
Next, we think that the state only produced evidence tending to show a "[n]ere similarity of offenses, without regard to the singular manner of their perpetration... ." See, Duncan v. State, Fla.App. 1974, 291 So.2d 241.
In short, there was nothing in the state's proof which indicated that there was anything particularly unique or unusual about the manner in which the four break-ins were committed or about the appellant's modus operandi.
We think this case is another instance where the prosecutor earnestly seeks to introduce evidence of collateral crimes which have marginal relevance to the case at issue, but which does manage to impress upon the minds of the jurors that the defendant has a propensity to commit crimes. E.g., Davis v. State, Fla.App. 1973, 276 So.2d 846, aff'd, Fla. 1974, 290 So.2d 30; Drayton v. State, Fla.App. 1974, 292 So.2d 395; Marion v. State, Fla.App. 1974, 287 So.2d 419; Lawson v. State, Fla.App. 1974, 304 So.2d 522 (1974).
It is also necessary for us to comment upon the appellant's second point on appeal. Appellant contends that the state never proved either that he committed grand larceny or that he broke into the house with the intent to commit grand larceny.
He relies heavily on the broad principle of law stated in Jalbert v. State, Fla. 1957, 95 So.2d 589 that "[i]n the absence of other evidence or circumstances, the best evidence of what he (the defendant) intended to steal is what he did steal."
Appellant also cites several cases which have considered the problem raised under this point. E.g., Guerrero v. State, Fla. 1974, 289 So.2d 396; Platt v. State, Fla. App. 1974, 291 So.2d 96; Gamble v. State, Fla.App. 1968, 210 So.2d 238.
The record shows that the state elicited from the victim that a stereo was taken from his house, which he had purchased new about a year earlier for $22. However, the record is equally clear that the state did not produce evidence concerning the stereo's market value at the time of the theft.
The state strenuously argues that the jury could use their common sense to infer that in a year the stereo had not depreciated more than $125. Further, the state argues that the owner may testify with respect to the market value of the stolen item at the time of the theft, and that the circumstantial evidence adequately showed the stereo exceeded $100 in value.
We are not convinced by the state's argument. It is true that the owner may testify concerning the market value of his property at the time of theft. See Platt v. State, supra. But, the owner's testimony in the instant case does not qualify as competent proof of market value. The testimony demonstrates that the owner *287 could not establish the present market value of the stereo when stolen.
While the state is correct that the intent to commit grand larceny may be proven by circumstantial evidence, we think that the actual market value of an item which is stolen usually may be easily proven by direct testimony.[1]
For example, it may be possible without great difficulty or undue expense to the state simply to produce expert testimony from a witness who is familiar with the market value of a used stereo similar to the one involved in this case.
It is our conclusion, therefore, that the state never proved value in the trial sub judice, and its proof established only that appellant committed petit larceny.
For the reasons stated hereinabove, we conclude that the judgment and sentence appealed must be reversed and the cause remanded for a new trial.
Reversed and remanded.
NOTES
[1] We point out that the state has not argued that there are facts and circumstances in the record which tend to show that the appellant intended to steal more than the stereo when he broke into the residence.