313 So.2d 715 (1975)
Steven Ray PICKLES a/K/a Michael Lee Sharp et al., Petitioners,
v.
STATE of Florida, Respondent.
No. 45337.
Supreme Court of Florida.
April 23, 1975.
James A. Gardner, Public Defender, and E. Earl Taylor, Jr., Asst. Public Defender, for petitioners.
Robert L. Shevin, Atty. Gen., and Richard G. Pippinger, Asst. Atty. Gen., for respondent.
BOYD, Justice.
This cause is before us on petition for certiorari to review two decisions of the District Court of Appeal, Second District: i.e., Platt and Humphries v. State, reported at 291 So.2d 96, and Pickles v. State, reported at 291 So.2d 100. Our jurisdiction[1] is based on alleged conflict between the decisions sought to be reviewed and Guerrero v. State.[2] Since the petition for writ of certiorari reflected apparent jurisdiction of this Court, we issued the writ. We have examined the arguments *716 presented in the parties' briefs, oral argument having been dispensed with pursuant to Rule 3.10(e), Florida Appellate Rules. Upon further consideration of the matter, we have determined that the cited decision presents no direct conflict. The writ must be, and hereby is, discharged for reasons which will be set out below.
The facts of the cases appear as follows:

PICKLES:
Petitioner Pickles was charged by Information with the offense of breaking and entering with intent to commit a felony, to-wit: grand larceny, and was found guilty as charged by jury verdict. Pickles was subsequently sentenced to serve ten years at hard labor in the State penitentiary. Pickles appealed, contending that the evidence adduced at trial was insufficient to sustain the conviction because the State failed to prove that the market value of the property at the time of the taking was $100 or more. In affirming the conviction, the District Court agreed that there was no satisfactory recognition of the burden of the prosecution to prove the felonious intent of Pickles and held that, despite the failure of the prosecution to acknowledge its burden of proof of market value, the evidence established beyond reasonable doubt that the value of the property stolen was in excess of $100. The court noted that among other property missing was a new typewriter which was delivered the same day as the burglary and which cost approximately $300. At the trial both the treasurer and the president of the Naples Lumber and Supply Company testified that two cash boxes, a check writing machine, a typewriter and a partial box of blank checks were missing after the burglary of the office where they worked. The treasurer did not testify whether there was money in the cash boxes; however, the president made a rough estimate that there was anywhere from $72 to $100 in the boxes. The check writing machine had a sentimental value of $50. The typewriter which had been delivered the same day as the burglary had a cost value of $275 or $300. No evidence as to the value of the other property inside the building was adduced, nor was Pickles caught inside the building.

PLATT-HUMPHRIES:
The Petitioners, Platt and Humphries, were charged by Information with two counts of breaking and entering with intent to commit a felony, to-wit: grand larceny, and were found guilty as charged by jury verdict. Platt and Humphries appealed their conviction; however, in this regard, they are before this Court only concerning count one, the Tolles Redi-Mix burglary. On appeal to the District Court, Platt and Humphries contended, as did Pickles, that the evidence adduced to establish the value of the property was insufficient to support a verdict of breaking and entering with intent to commit grand larceny because the State failed to prove market value in excess of $100 at the time of the taking. In affirming the conviction on count one, the Tolles Redi-Mix burglary, the court stated that it need not reach the issue of whether the State at trial sufficiently proved the market value of the property intended to be stolen at the time of the theft since the totality of the record, which included the testimony that the cost of the articles stolen was well in excess of $1000, showed sufficient proof beyond reasonable doubt that Platt and Humphries intended to steal property at the Tolles Redi-Mix plant in excess of $100. At the Platt and Humphries trial the president of Tolles Redi-Mix Corporation testified that the value of all the electrical and air tools allegedly taken was "in the neighborhood of $1500". A waste basket and $4.50 in change were also missing from the office. However, cross examination of the president revealed that this valuation was not based on fair market value, nor was he in the business of buying and selling used tools. The president utilized various formula *717 to arrive at total valuation, e.g. cost when new, replacement cost depreciated by half, cost of replacement for a new tool, and replacement cost for a used tool. No testimony as to the value of other items inside the building burglarized was elicited on direct or cross examination. Defense counsel vigorously objected to any testimony other than that of market value at the time of the taking and actually moved to strike the president's testimony as to value. Additionally, there was testimony that the inside of the building had been ransacked. The tools were recovered apparently stacked in a pile on the business grounds.
These cases were consolidated because they were decided by the lower court on the same day and involved identical issues of law and similar facts.
In Guerrero, supra, the Defendant was seen first in the victim's apartment and then leaving the victim's apartment house on a bicycle carrying a television set and some sweaters; when he was followed, he dropped the television set and one sweater. In that case the State failed to show that the value of these articles exceeded $100. While that case recognized that there was evidence that the Defendant intended to take property of some value and, in fact, that he intended to take more than he actually did take, this Court found that there was no evidence of any circumstances other than the value of the property actually taken to prove that the Defendant intended to take property of sufficient value to constitute grand larceny.
Since then this Court has rendered its opinion in Negron v. State,[3] in which we again considered the meaning of the term "market value". In that case, this Court observed that only wholesale cost was proven and said "[a]t least the evidence should have shown the retail prices of all the allegedly stolen items in order to clearly demonstrate their market value and a salability at the price near the time of the alleged theft." It appears that, while market value at the time of theft is the applicable test, purchase price and "other circumstances" can be sufficient evidence of market value in the appropriate case.
Reviewing the facts in the two cases sub judice, we agree with the District Court that the totality of the evidence clearly establishes the value of the articles stolen to be well in excess of $100. We consider these cases factually distinguishable from Guerrero, supra.
Accordingly, no direct conflict having been demonstrated, the writ must be, and hereby is, discharged.
It is so ordered.
ADKINS, C.J., and McCAIN and OVERTON, JJ., concur.
DEKLE, J., dissents.
NOTES
[1] Article V, Section 3(b)(3), Florida Constitution.
[2] 289 So.2d 396 (Fla. 1974).
[3] 306 So.2d 104 (Fla. 1975).