McCORD, Judge.
Appellant was convicted of breaking and entering with intent to commit grand larceny. He contends the evidence is insufficient to show that he intended to take property of the value of more than $100. Witnesses saw appellant carrying armloads of groceries from a grocery store to his automobile through a glass door he had broken, and they called the police. When intercepted by the police, appellant had carried eight or ten armloads to his car and was still in the process of loading his car with groceries. He threw the groceries he had at the time into his car and fled the scene. Appellant allegedly had only about $60 worth of groceries in his car at the time of his interception and he contends there is no evidence that he intended to take more than that amount.
The evidence shows that the inventory of the grocery store at the time was $8,000 to $10,000. Thus, there was property in the store valued at more than $100 at the time appellant was intercepted in the act of burglarizing it. The circumstances fully support the jury’s finding that appellant intended to take property of more than $100 value had he not been interrupted by a police officer. Rebjebian v. State, Fla., 44 So.2d 81 (1949); Eaton v. State, Fla.App.(3d), 307 So.2d 915.
Affirmed.
RAWLS, Acting C. J., and SMITH, J., concur.