HENDRY, Judge
(dissenting).
I respectfully dissent.
Appellant contends on appeal that the evidence adduced at his trial was insufficient to sustain a conviction for grand larceny, because appellee, the State of Florida, failed to prove the value of the property taken was $100 or more, as required by § 811.021(2), Fla.Stat., F.S.A. Appellant further contends that the evidence showed, at most, only an attempted petit larceny.
Appellee contends that there was sufficient competent evidence of the value of the stolen property to support the conviction and sentence for grand larceny.
As in criminal cases generally, the state has the burden of proving beyond a reasonable doubt every essential element of the statutory offense of grand larceny. Under § 811.021, Fla.Stat., F.S.A., it is necessary to prove the value of the property stolen so that the grade of the offense can be determined, i. e., grand or petit larceny. For purposes of classifying the larceny as grand or petit, the value to be used is normally market value at the time of the theft. Platt v. State, Fla.App.1974, 291 So.2d 96; Spencer v. State, Fla.App.1968, 217 So.2d 332, and Todd v. State, Fla.App.1966, 187 So.2d 908.
Our review of the record in the instant appeal shows that the only testimony as to the value of the property stolen was as follows :
“Q. What was inside these cases, do you know?
“A. That he picked up ?
“Q. Yes.
“A. Cigarettes.
“Q. Do you know how many cases?
“A. Well, there were fifty-eight cartons, two cases with — you know, they have thirty cartons in each case, but one case was two cartons short.
“Q. Did you count those yourself?
“A. Yes.
*124 “Q. And you found fifty-eight cartons ?
“A. Right.
“Q. Do you know the value of those fifty-eight cartons of cigarettes?
“A. Well, wholesale they cost us forty-two cents. Retail, we sell them for sixty.
“Q. And do you know how many individual packages of cigarettes would have been in those fifty-eight cartons?
“A. It would be five hundred and eighty.
“Q. Ten cigarettes per carton?
“A. Yes.”
I do not feel that this testimony sufficiently establishes the market value of the property at the time of theft so as to support the conviction for grand larceny. Further, I do not feel that I can, as urged by appel-lee, take judicial notice of the value of the stolen property, since innumerable factors could have affected its market value at the time of the theft. However, the evidence does show that the cartons of cigarettes had some value and the proof was adequate to sustain a conviction for petit larceny, an offense of a lesser degree included within the charge of grand larceny. § 811.021(3), Fla.Stat., F.S.A.
After a consideration of the record, all points in the briefs and arguments of counsel in light of the controlling principles of law, I am of the opinion that reversible error has been demonstrated. In conformity with § 924.34, Fla.Stat., F.S.A., I would reverse the judgment and sentence of the trial court in regard to the grand larceny charge with directions to enter a judgment of conviction for petit larceny and to impose sentence accordingly, taking into account the incarceration to which appellant has been subjected under the improper judgment and sentence.