PER CURIAM.
Upon review of the briefs and record on appeal we are of the opinion that the State failed to present sufficient evidence to support a conviction of breaking and entering a dwelling house with intent to commit a felony, to wit, grand larceny as proscribed by the then effective statute, section 810.01, Florida Statutes. In particular, the State failed to introduce evidence to demonstrate what the market value of the items taken was at the time of the theft. Platt v. State, 291 So.2d 96 (Fla. 2d DCA 1974). The only pertinent evidence in this record came from the victim’s son who identified the items as being those taken in the burglary, further indicating the purchase price for one of the items which had been purchased some three years earlier. It is essential, under section 810.01, to show that the perpetrator’s intent at the time of the breaking was to steal property of the value of $100 or more by adducing proof of the market value at the time of the theft of the items taken. Platt v. State, supra; Gamble v. State, 210 So.2d 238 (Fla. 2d DCA 1968). This, the State failed to do.
Accordingly, the judgment of conviction of breaking and entering ■ with intent to commit a felony, to wit, grand larceny, is reduced pursuant to sec. 924.34, Florida Statutes, to breaking and entering with intent to commit a misdemeanor and the cause remanded to the trial court for impo *999 sition of sentence in accordance herewith. See Section 810.05, Florida Statutes.
MAGER, C. J., and CROSS and DOW-NEY, JJ., concur.