HOBSON, Judge.
Appellant was convicted of entering without breaking a dwelling house with intent to commit a felony. His appeal is premised on the assertion that the trial judge erred in instructing the jury on the offense charged and the lesser included offenses as they relate to an intent to commit a felony. We agree, but for the reasons stated herein, the sentence is affirmed.
At the trial a victim of the theft, Mrs. Lynch, testified as to the value of a certain set of china which had been stolen. Her testimony was that she had received the china some five years previously and subsequently, while shopping in a department store, had priced the items and found them being sold for approximately $450. She further stated that she had no expertise in the value of used china and did not know what the value would be presently. Following this colloquy the state was permitted to ask Mrs. Lynch what she would be willing to pay for a set of china exactly like that that was stolen. The court, after timely objection by defense counsel, stated “She’s already testified it cost four hundred fifty bucks, it was worth that, as a gift.”
Here the appellant was charged with breaking and entering a dwelling with intent to commit a felony. He was convicted of the lesser included offense of entering without breaking a dwelling with intent to commit a felony, to wit, grand larceny. The question for our consideration is whether it was prejudicial error to instruct the jury[1] as to the lesser included offense of *1019 entering without breaking a dwelling with intent to commit a felony where the testimony as to market value of the items stolen, necessary to establish the independent felonious intent, was directed to their initial or replacement cost and not market value at the time of the theft.
The state must prove intent to commit a felony, and in the absence of other evidence or circumstances bearing on the defendant’s intent, the best evidence of that intent is what he did steal. Platt v. State, 291 So.2d 96 (Fla. 2d DCA 1974).[2] Cases in Florida hold that the standard of value in assessing the $100 threshold, which defines grand larceny, is market value at the time of the theft. Lambert v. State, 111 So.2d 68 (Fla. 1st DCA 1959); Beasley v. State, 305 So.2d 285 (Fla. 3d DCA 1974); Platt v. State, supra. In Pickles v. State, 313 So.2d 715 (Fla.1975) it was further recognized, “ . . that, while market value at the time of theft is the applicable test, purchase price and ‘other circumstances’ can be sufficient evidence of market value in the appropriate case.” This latter standard, enunciated by this court in Platt, supra, and approved in Pickles, supra, constitutes a more flexible measuring stick by which the value of stolen articles may be shown to exceed the $100 limit under the grand larceny statute.
Review of the evidence in the case sub judice reveals that testimony of Mrs. Lynch was directed entirely to the price of the china some five years prior to its theft. This was the only testimony as to the value of the stolen property. Our courts have held similar testimony as to market value inadequate in almost identical situations. See Todd v. State, 187 So.2d 908 (Fla. 3d DCA 1966) (cost two years earlier inadmissible); Gamble v. State, 210 So.2d 238 (Fla. 2d DCA 1968) (original cost irrelevant); Beasley, supra (cost one year prior to theft not relevant). Cf. Negron v. State, 306 So.2d 104 (Fla.1974). Moreover, unlike the situation in Platt, supra, the totality of the evidence here does not establish the value of the articles stolen to be well in excess of $100.[3]
*1020 In view of these authorities it was error for the trial court to have instructed the jury on entering without breaking a dwelling house to commit a felony since no felonious intent was shown. Yet, the jury was properly instructed as to the lesser offense of entering without breaking a dwelling house to commit a misdemeanor. Therefore, the state’s proof only established that the appellant committed petit larceny. However, since the statutes in effect at the time of this offense made no distinction in the penalty imposed for entering without breaking with intent to commit a felony or a misdemeanor,[4] then the sentence entered below is
AFFIRMED.
BOARDMAN, C. J., and SCHEB, J., concur.

. The trial judge instructed the jury that there are lesser included offenses for the crime of breaking and entering with intent to commit a felony when it stated:
One is breaking and entering a dwelling house with intent to commit a misdemeanor. That carries a possible maximum sentence of five years. The next one is entering without breaking a dwelling with intent to commit a felony. That carries a possible maximum of five years. And the third one is trespass, which carries a possible maximum sentence of sixty days.
The trial judge also instructed the jury in part as follows,
If it is proven that the defendant did unlawfully enter the dwelling of the Lynches with the intent to commit the crime charged in the *1019 information, but it is not proved that the entry was accomplished by a breaking, the defendant should be found guilty of entering without breaking with intent to commit a felony.
If it is proven that the defendant did unlawfully break and enter the building described in the information, or entered without breaking, but not proven that the defendant did so with the intent to commit the felony charged in the information, but it is proved that such breaking and entering was with the intent to commit a misdemeanor, included within the felony which is charged, then the defendant should be found guilty of breaking and entering a building of another with intent to commit a misdemeanor.

. The state here does not rely on any other evidence to prove intent aside from the value of the goods actually taken.

. Mrs. Lynch testified that aside from the china, other items taken were dishes, pots, pans, silverware, electric mixer, lamp, window fan, digital clock, and a television. Certainly the cumulative value of all these items may well have exceeded the statutory limit necessary to establish grand larceny. However, Mrs. Lynch testified that she had no knowledge as to the value of these items at the time of their theft. Without more we cannot say on appeal that these used items met the statutory requirement. The language in Beasley v. State, 305 So.2d 285 (Fla. 3d DCA 1974) is particularly persuasive. There the Third District Court stated in part,
It is true that the owner may testify concerning the market value of his property at the time of theft. See Platt v. State, supra. But, the owner’s testimony in the instant case does not qualify as competent proof of market value. The testimony demonstrates that the owner could not establish the present market value of the stereo when stolen.
While the state is correct that the intent to commit grand larceny may be proven by circumstantial evidence, we think that the actual market value of an item which is stolen usually may be easily proven by direct testimony.
For example, it may be possible without great difficulty or undue expense to the state simply to produce expert testimony from a witness who is familiar with the market value of a used stereo similar to the one involved in this case.
It is our conclusion, therefore, that the state never proved value in the trial sub judi-ce, and its proof established only that appel *1020 lant committed petit larceny. 305 So.2d at 286-287.

. See §§ 810.03 and 810.05, Fla.Stat. (1973).