ERVIN, Judge,
concurring.
Roberts broke into and entered a drugstore at night. While inside the drugstore, a silent alarm sounded and police arrived at the scene. Roberts and an accomplice were seen inside the drugstore and fleeing it. The police apprehended them just outside. At that time Roberts had on a pair of rubber gloves taken from the drugstore. He had tools in his possession necessary to force entry into the drugstore. Testimony was adduced that drugs of a value in excess of $100.00 were located inside the drugstore. Roberts admitted that he intended to take drugs from the drugstore.
The evidence clearly shows that Roberts stole property of less than the value of $100. In the absence of other evidence or circumstances, the best evidence of what a defendant’s intent to steal is what he in fact did steal. E. g., Guerrero v. State, 289 So.2d 396 (Fla.1974); Rumpb v. State, 248 So.2d 526 (Fla. 1st DCA 1971). Nevertheless the particular circumstances of this case support the conclusion that Roberts intended to steal property of more than the value of $100. In both Rebjebian v. State, 44 So.2d 81 (Fla.1949) and Magyari v. State, 317 So.2d 794 (Fla. 1st DCA 1975), the defendants entered structures in which property of more than the value of $100 was located and were apprehended before they had taken property in excess of $100. In both cases the defendants’ convictions for breaking and entering with intent to commit a felony were sustained.
The case below does not involve the type of situation present in Jalbert v. State, 95 So.2d 589 (Fla.1957), in which the defendant was found in possession of stolen property less than $50 several days following the burglary of the owner’s house. The owner did, however, testify that at the time of the illegal entry personal property worth several thousand dollars was inside the house. Jalbert’s conviction was also reduced to *844 breaking and entering with intent to commit petit larceny. Thus, the critical element of flight was absent in Jalbert — unlike the situation in the case below.
The facts involving Roberts’ conviction can also be distinguished from those in Channell v. State, 107 So.2d 284 (Fla. 2nd DCA 1958), in which Channell’s conviction for breaking and entering a dwelling house with intent to commit grand larceny was reduced to breaking and entering with intent to commit a misdemeanor. Channell, like Rebjebian, was seen inside the house which he had illegally entered, then fled and was pursued. Unlike the facts in the instant case, there was no showing that defendant took anything from the structure which he burgled, and more importantly no showing of the value of the property within the house. If there were no proof either of flight or of value of the articles within the drugstore, it is my opinion that the judgment should be reduced to the lesser offense of breaking and entering with intent to commit petit larceny.